EL PUEBLO DE PUERTO RICO, apelado, *v.* ELÍAS GONZÁLEZ MATHEWS, acusado y apelante.

*Número:* CR-79-81    *Resuelto:* 25 de abril de 1980

*Franciso Vicente Gronau* y *Eugenio Rivera Lozada,* abogados del apelante; *Héctor A. Colón Cruz, Procurador General,* y *Rose Mary Corchado Lorent, Procuradora General Auxiliar,* abogados de El Pueblo.

PER CURIAM:  El 17 de septiembre de 1979 el Hon. David Urbina, Juez del Tribunal Superior, condenó por desacato al letrado apelante, utilizando el procedimiento sumario. Le impuso una multa de cien dólares. El apelante plantea básicamente que su conducta no constituyó desacato. No le asiste la razón. El apelante confunde la conducta que fue objeto de la pena impuesta por el tribunal.

Los hechos se desprenden de la minuta y la orden requeridas por la Regla 242(a) de Procedimiento Criminal, así como de la transcripción del incidente. El 5 de septiembre de 1979 no compareció al acto de lectura de la acusación a un imputado a quien representaba el apelante. El apelante se comprometió con el tribunal, a iniciativa propia, a traer al acusado ante el tribunal el 14 de septiembre. En tal fecha no comparecieron ni el acusado ni el apelante. El tribunal dictó una orden para que el licenciado González Mathews mostrase causa el 17 de septiembre de 1979 por la cual no debía ser declarado incurso en desacato por su incomparecencia el día 14.

El 17 de septiembre el apelante explicó las gestiones

realizadas para localizar su cliente y que su propia incomparecencia se debió a un olvido. Ocurrió entonces lo siguiente:

"HON. JUEZ:

Yo me voy a reservar la decisión. . . .

LCDO. GONZÁLEZ MATHEWS:

La puede dictar ahora porque yo no lo voy a traer.

P. Si me dice eso el compañero. . . .

R. Yo no creo que esa sea función mía.

P. Si el compañero lo que está haciendo es retando al Tribunal, el compañero se comprometió y el Tribunal no hizo gestiones porque el compañero se comprometió y dijo que lo iba a traer y no ordenó su arresto y ahora es su función y el Tribunal le dice al Compañero, bajo apercibimiento de desacato, que le ordena que cumpla con la promesa que hizo al Tribunal, y tiene hasta las dos de la tarde. . . .

R. Que me encarcele el alguacil, porque yo no creo que esa sea función mía.

HON. JUEZ:

Debe permanecer callado el compañero, porque el Tribunal va a hablar. . . . No pudiendo funcionar la grabadora en estos momentos para llevar al récord la conducta del compañero, el Tribunal recesa para llevar al récord la conducta del compañero y proceder, porque entendemos que el compañero ha cometido un desacato sumario y el Tribunal entiende que la conducta observada por el compañero, la cual vamos a hacer por escrito, y debidamente llevarla al récord en su momento oportuno y que no lo hacemos en estos momentos por la falta de energía eléctrica y debe quedar claro en la minuta que entendemos que le ha faltado el respeto al Tribunal. El Tribunal sumariamente encuentra culpable al compañero en desacato y le impone $500.00 de multa o un día de cárcel por cada $5.00 que dejare de pagar." (T.E., págs. 4–5.) (La multa fue luego rebajada a $100.00.)

Surge claramente de la orden del juez que la conducta que motivó el desacato fue la interrupción del juez por el apelante y las expresiones: "La puede dictar ahora porque yo no lo voy a traer" y "Que me encarcele el alguacil, porque yo no creo que esa sea función mía". El tribunal no condenó al apelante por no obtener la comparecencia de su representado, sino por la conducta descrita, la cual consideró ofensiva a la dignidad del tribunal. (T.E., págs. 7, 14.)

El tribunal de instancia actuó correctamente. El apartado (a) del Art. 235 del Código Penal de 1974, 33 L.P.R.A. sec. 4431, dispone que cometerá desacato toda persona que:

"(a) Perturbare el orden, causare ruido o disturbio o se condujere en forma desdeñosa o insolente hacia un Tribunal de justicia o un magistrado durante el desarrollo de una investigación judicial o una sesión tendiendo con ello directamente a interrumpir los procedimientos o menoscabar el respeto debido a su autoridad, o en presencia del jurado mientras esté en estrados o deliberando en alguna causa."

La conducta del apelante entraña desdén que tiende a menoscabar la autoridad del magistrado. El elemento de intención que requerimos en *Pueblo* v. *Concepción Fonseca,* 101 D.P.R. 357, 358–59 (1973), y aplicable al nuevo Código, está también presente. El récord demuestra que el tribunal le concedió al apelante, a petición de éste, dos oportunidades en reconsideración para explicar sus palabras. El apelante no las aprovechó debidamente.

*Se confirma la sentencia dictada.*

El Juez Asociado Señor Dávila no intervino.