EL PUEBLO DE PUERTO RICO, apelado, *v.* LUIS LAMBERTY GONZÁLEZ, acusado y apelante.

*Número:* CR-81-10      *Resuelto:* 2 de febrero de 1982

*Luis A. Amorós,* abogado del apelante; *Héctor A. Colón Cruz, Procurador General,* y *Rose Mary Corchado Lorent, Procuradora General Auxiliar,* abogados del El Pueblo.

EL JUEZ PRESIDENTE SEÑOR TRÍAS MONGE emitió la opinión del Tribunal.

El letrado apelante, luego de haber sido citado personalmente, no compareció al acto de pronunciamiento de sentencia contra su representado. El juez imputó al apelante la comisión de un desacato criminal y le concedió oportunidad de ser oído, conforme las disposiciones de la Regla 242(b) de Procedimiento Criminal. En la vista del caso el imputado solicitó la inhibición del juez por haber sido el mismo magistrado que había hecho la determinación de causa probable para su arresto y fijado la fianza. El juez rehusó inhibirse, condenó al acusado por desacato y le impuso una multa de veinticinco dólares. Al denegar la reconsideración el juez se refirió al historial negro en su sala respecto a comparecencias de su amigo, el licenciado Lamberty, a quien le había perdonado antes muchas

violaciones a órdenes análogas. El apelante plantea fundamentalmente que erró el juzgador al no inhibirse.

■ Las fuentes del poder para castigar por desacato son múltiples. La Regla 242(a) de Procedimiento Criminal nos habla del desacato criminal directo. La Regla 242(b) se refiere al desacato criminal indirecto. La Regla 40.9 de Procedimiento Civil provee para el desacato civil.(¹) Se reconoce en Puerto Rico, además, el poder inherente de los tribunales para castigar por desacato. *Pueblo* v. *García Rivera*, 103 D.P.R. 547 (1975). También nos hemos expresado en ocasiones sobre el desacato sui géneris. *In re Marín Báez*, 81 D.P.R. 274 (1959); *Dubón* v. *Casanova*, 65 D.P.R. 835 (1946). Esto último no significa que es inexistente la diferencia entre el desacato civil y el criminal, sino que se dan ocasiones en que se aplican al desacato ciertas reglas especiales. D. Dobbs, *Contempt of Court: A Survey*, 56 Cornell L. Rev. 183, 231 (1971).

■ La verdadera distinción entre el desacato criminal y el civil estriba en la naturaleza y propósito del remedio. Si la intención es reparadora, inducir a alguien a cumplir con una obligación, el desacato es de naturaleza civil. *Shillitani* v. *United States*, 384 U.S. 364 (1966). Si el objetivo es vindicar la autoridad del tribunal, el desacato es de orden penal. *United States* v. *Mine Workers*, 330 U.S. 258 (1947). En lo que toca a la diferencia entre desacatos directos o indirectos, los primeros son los cometidos en presencia del tribunal. *Pueblo* v. *Ortiz Padilla*, 102 D.P.R. 736 (1974). Algunos tribunales consideran directos aun los que no se cometan en presencia de la corte, pero tan cercanamente que montan a una obstrucción de la justicia. Esto no es posible bajo la Regla 42(a) de Procedimiento Criminal federal, equivalente a la Regla 242(a) nuestra. 3 Wright, *Federal Practice and Procedure: Criminal 2d,*

---

(¹) Para la situación anterior a las nuevas Reglas de Procedimiento Civil en cuanto a las fuentes del desacato, véase: *Pueblo* v. *Pérez Díaz*, 99 D.P.R. 788, 796–798 (1971).

sec. 703, pág. 819. La naturaleza del procedimiento, penal o civil, no dicta la naturaleza del desacato. Se puede cometer un desacato civil dentro de un procedimiento penal y viceversa. Dobbs, *op. cit.*, pág. 237. La naturaleza del desacato es vital para la determinación del procedimiento a seguir en su castigo.

A la luz de lo anterior, clasifiquemos el caso presente. Bajo el Art. 29 del Código de Enjuiciamiento Civil, 32 L.P.R.A. sec. 163, [2] hemos denominado desacato civil la desobediencia a una citación, aunque hemos exigido que se siga un procedimiento análogo al fijado para el desacato criminal. *Pueblo* v. *Pérez Díaz*, 99 D.P.R. 788 (1971). En tales situaciones, como se hizo en el caso presente, el tribunal tiene la opción, a nuestro entender preferible, de tratar el desacato como un desacato de índole criminal, dado el propósito del remedio, y utilizar el mecanismo dispuesto por la Regla 242(b). [3] Se trata en este caso, por lo tanto, de un desacato criminal indirecto, correctamente encuadrado dentro del marco de la Regla 242(b) de Procedimiento Criminal. Veamos ahora el problema de la inhibición.

La Regla 242(b) dispone:

Salvo lo provisto en el apartado (a) de esta Regla, [4] en todo caso de desacato criminal se le dará al acusado previo aviso la oportunidad de ser oído. El aviso expondrá el sitio, hora y fecha de la vista, concederá al acusado un tiempo razonable

---

[2] El Art. 29 del Código de Enjuiciamiento Civil dispone que:

"Para el ejercicio efectivo de las facultades conferidas por la precedente sección a un funcionario judicial, puede éste castigar por desacato en los casos dispuestos en este Código." Este artículo tiene tan solo vigencia transitoria.

[3] Algunos estados consideran que la incomparecencia o aun la tardanza en comparecer en corte tras haber sido debidamente citado constituye un desacato directo, punible sumariamente. Véase: Anno., *Attorney's failure to attend court, or tardiness, as contempt*, 97 A.L.R.2d 431, 457 y ss. (1963). En Puerto Rico, según hemos indicado, la naturaleza de la fuente de nuestra Regla 242 cierra este camino.

[4] El apartado (a) de la Regla 242 provee:

"(a) Procedimiento sumario. El desacato criminal podrá castigarse en forma sumaria siempre que el juez certifique que vió u oyó la conducta constitutiva de

para preparar su defensa, hará saber al acusado que se le imputa un desacato criminal y expondrá los hechos esenciales constitutivos del mismo. El acusado tendrá derecho a su libertad provisional bajo fianza de acuerdo con las disposiciones de estas reglas. Si el desacato se fundara en actos o conducta irrespetuosa hacia un juez, éste no podrá conocer de la causa excepto con el consentimiento del acusado.

Cuando se trata de un desacato criminal directo no existe dificultad alguna, por lo general, en que el propio juez en cuya presencia se cometió el desacato proceda a su castigo sumario. La inhibición del juez minaría la eficacia del remedio. Si el desacato, no obstante, es a la propia persona del juez y no median circunstancias que exijan indefectiblemente que no se posponga la acción judicial, no debe emplearse entonces la Regla 242(a) y debe procederse en vez bajo la Regla 242(b). *Offutt* v. *United States*, 348 U.S. 11 (1954); 3 Wright, *op. cit.*, sec. 713, págs. 861–864.

█ Bajo la Regla 242(b), según se expresa en su texto, si el desacato se funda en actos o conducta irrespetuosa hacia el juez, procede la inhibición, mas esto depende del grado en que esté involucrada la persona del juez. Debe existir normalmente un elemento de ataque, ofensa o crítica personal al juez o de interés del juez, o el juez puede haber participado de modo tan activo en una fase anterior del caso que su imparcialidad puede haber quedado comprometida. R. Sedler, *The Summary Contempt Power and the Constitution: The View from Without and Within*, 51 N.Y.U. 34, 45 y ss. (1976). Los hechos de cada caso deben examinarse separadamente. Note, *Procedure: Contempt Proceedings: Disqualification of Judge for Bias*, 44 Cal. L. Rev. 425 (1956). En *Pueblo* v. *Toro Goyco*, 84 D.P.R. 492, 494 (1962), expusimos que en cada caso debe considerarse "la índole del procedimiento seguido . . . para

desacato, y que se cometió en presencia del tribunal. La orden condenando por desacato expondrá los hechos y será firmada por el juez, dejándose constancia de ella en las minutas del tribunal."

entonces determinar el grado de relación que tuvo el juez con la prueba y los probables efectos de esa relación sobre su desinterés e imparcialidad".

El apelante alega, en primer término, que la inhibición procede aquí por razón de la norma sentada en *In re Murchison*, 349 U.S. 133 (1955). Los hechos en *Murchison* son totalmente distintos al caso presente. En *Murchison* se trataba de un procedimiento de desacato contra unos testigos por conducta cometida durante unas vistas secretas ante un juez autorizado a investigar delitos, a llamar testigos y a actuar de hecho como un gran jurado compuesto de una sola persona. El Tribunal Supremo de Estados Unidos resolvió que el debido proceso de ley impide esta conjunción de funciones de fiscal y juez, que un juez que ha actuado como un gran jurado contra personas acusadas como resultado de su investigación y contra quienes tendría que declarar como esencial testigo de cargo no debe juzgar esa misma causa.

Los singulares hechos de *Murchison* no se dan en el caso de autos. No estamos aquí ante un cuadro de circunstancias que ponga en entredicho con el necesario relieve la imparcialidad de un juez. Tampoco se trata aquí de aplicar el principio que sentamos en *Toro Goyco* al efecto de que el juez que investiga personalmente una querella criminal y ordena que se presente la denuncia no puede presidir la vista del caso en su fondo. En *Pueblo* v. *Quiles*, 83 D.P.R. 63 (1961), y *Pueblo* v. *Pacheco*, 83 D.P.R. 285 (1961), también distinguimos a *Murchison* y resolvimos que no procedía la inhibición del juez por el mero hecho de ser igualmente la persona que determinó la existencia de causa probable.

En el caso de autos no puede afirmarse que la relación que tuvo el juez con la prueba fue tan íntima que probablemente afectó su imparcialidad. La relación que hubo fue la usual en casos de incomparecencia a corte. El tribunal actuó con entera corrección. Sus expresiones en el

curso de los procedimientos no revelan indicio alguno de animosidad o prejuicio. Todo desacato a la orden de un juez tiene un elemento intrínseco de afrenta personal, mas esto de por sí no obliga a la inhibición. R. Kuhrs, *The Summary Contempt Power: A Critique and a New Perspective*, 88 Yale L.J. 39, 62 y ss. (1978).

Según se afirmó en *Ungar* v. *Sarafite*, 376 U.S. 575, 584 (1964), donde contrario al caso de autos hubo fuertes críticas a las actuaciones del juez y repetidas violaciones a sus órdenes:

> ... no estamos dispuestos a basar una norma constitucional de inhibición tan solo sobre tal desobediencia a las órdenes del Tribunal y a la crítica de sus fallos durante el curso del juicio.

Hemos examinado también el argumento del apelante al efecto de que su incomparecencia se debió a un olvido involuntario, que él no tuvo la intención de desacatar. No hallamos base en el récord para intervenir con la apreciación de la prueba por el tribunal de instancia. No se dan aquí las circunstancias que se dieron en casos como *Pueblo* v. *Escalera*, 95 D.P.R. 148 (1967); *Pueblo* v. *Concepción Fonseca*, 101 D.P.R. 357 (1973) y *Pueblo* v. *Arraiza*, 103 D.P.R. 243 (1975).

Por las razones expuestas *se confirmará la sentencia apelada.*

El Juez Asociado Señor Negrón García concurre con el resultado sin opinión.