# 2001 DTA 175

**TRIBUNAL DE CIRCUITO DE APELACIONES
CIRCUITO REGIONAL II DE BAYAMON, PANEL I**

DAMIAN F. PLANAS MERCED
Demandante-Recurrido

v.

LEVITT HOMES DE PUERTO RICO, INC.
Demandado-Peticionario

Núm. KLCE-01-00086

San Juan, Puerto Rico, a 23 de mayo de 2001

Panel integrado por su Presidente, el Juez Sánchez Martínez,
y las Juezas Ramos Buonomo y Cotto Vives

Cotto Vives, Jueza Ponente

### TEXTO COMPLETO DE LA SENTENCIA

La parte peticionaria, Levitt Homes de Puerto Rico, Inc. (en adelante Levitt Homes), nos solicita que revoquemos una orden emitida por el Tribunal de Primera Instancia, Sala Superior de Bayamón, el 20 diciembre de 2000. Mediante la misma, el tribunal *a quo* ordenó la comparecencia de los abogados de Levitt Homes, como testigos, en una demanda por el recurrido, el Lcdo. Damián F. Planas Merced, contra Levitt Homes de Puerto Rico, Inc. (en adelante Levitt Homes), y denegó una solicitud de orden protectora presentada por éstos.

Estando pendiente ante nuestra consideración el recurso de *certiorari* presentado por Levitt Homes, éstos nos solicitan, mediante una moción en auxilio de jurisdicción, que ordenemos la paralización de la orden apelada. En vista de lo dispuesto en la presente sentencia, declaramos sin lugar dicha moción.

Luego de estudiados los argumentos presentados por las partes en el caso, expedimos el recurso de *certiorari* y revocamos la orden del Tribunal de Primera Instancia por los siguientes fundamentos.

### I

El 2 de marzo de 2000, el Lcdo. Damián F. Planas Merced presentó una demanda contra Levitt Homes y el Sr. Marcelino Rosario Lizardi. [1] En la misma alegó que Levitt Homes intervino de forma contraria a derecho en unas negociaciones para la compra de unos terrenos que se estaban llevando a cabo entre el Sr. Rosario

Irizarry y Levitt Homes. El Lcdo. Planas Merced solicitó, además, un interdicto para que Levitt Homes cesara su intervención en las negociaciones con el co-dermandado, Sr. Rosario Lizardi.

El 14 de marzo de 2000, luego de celebrar una vista a la cual comparecieron ambas partes en el caso, el Tribunal de Primera Instancia declaró sin lugar la solicitud de interdicto. Posteriormente, Levitt Homes presentó una moción de sentencia sumaria a la cual se opuso el Lcdo. Planas Merced. Hasta el día de hoy, la misma no ha sido resuelta por el Tribunal de Primera Instancia.

Así las cosas, el 7 de diciembre de 2000, el Lcdo. Planas Merced presentó una moción en la cual solicitó la citación como testigos de dos abogados del bufete que representa legalmente a Levitt Homes. Levitt Homes se opuso a lo anterior aduciendo que dichos abogados no formaban parte del caso presentado por el Lcdo. Planas Merced y señalaron que dicha parte no había indicado en su solicitud de citación con respecto a qué hechos testificarían los letrados. Además, argumentó que el Sr. Planas Merced no demostró que la información que solicita no es susceptible de ser obtenida por otras fuentes.

Luego de varios trámites procesales, el Tribunal de Primera Instancia ordenó, en corte abierta y mediante la notificación de la minuta de la vista, la comparecencia de los abogados de Levitt Homes a una vista evidenciaria para que testificaran con respecto a si tenían o no conocimiento de que el Lcdo. Planas Merced era el abogado del Sr. Rosario Lizardi en las negociaciones de la compra de los terrenos.

En vista de lo anterior, Levitt Homes presentó ante nos un recurso de *certiorari* en el cual plantea como único error que fue incorrecta la determinación del Tribunal de Primera Instancia de permitirle al Lcdo. Planas Merced citar a los abogados de Levitt Homes a la vista evidenciaria pautada para el 6 de junio de 2001.

Por su parte, el Lcdo. Planas Merced, en su escrito en oposición, aduce que algunos abogados del bufete legal que representa a Levitt Homes intervinieron de forma contraria a derecho, con su relación contractual con el Sr. Rosario Lizardi y su familia. El Lcdo. Planas Merced argumenta que dicha intervención es torticera y en atención a ello es que fue citado el abogado, Lcdo. Alfredo Alvarez Ibáñez, al cual se le atribuye promover una causa de acción en contra del Sr. Rosario Lizardi y su familia, siendo estos últimos clientes del Lcdo. Planas Merced.

## II

La Constitución de Puerto Rico garantiza, como parte del debido procedimiento de ley, el derecho de toda persona a preparar adecuadamente su defensa en un caso. Como parte de esta garantía, se ha reconocido como fundamental, el derecho a obtener -mediante descubrimiento de prueba-evidencia que pueda favorecerle. *Pueblo v. Santa Cruz*, 149 D.P.R. __ (1999), **99 J.T.S. 149**; *E.L.A. v. Asociación de Auditores,* **99 J.T.S. 149** (1999).

En *Ades v. Zalman*, 115 D.P.R. 514 (1984), el Tribunal Supremo expreso:

*"Hoy día se reconoce universalmente que la información poseída por cada parte, no es de su exclusiva propiedad. Así, a través de los distintos mecanismos sobre descubrimiento de prueba, puede lograrse limitar las cuestiones a dilucidarse y circunscribir la presentación de evidencia durante el juicio a aquéllas en controversia u obtener evidencia adicional, o información que sirva de pista para encontrarla. En síntesis, el derecho al descubrimiento de prueba es uno 'amplio y liberal. Aún así, admite justificadas excepciones."* (Citas omitidas.)

Más adelante, en dicho caso, se define al abogado como aquella persona que defiende una causa propia o ajena, demandando o respondiendo y que, al ser consultado y contratado, toda persona deposita en él su más

absoluta confianza. El Tribunal Supremo expresó también que basado en esta relación fiduciaria, el cliente le comunica intimidades personales y de negocios, así como le presta declaraciones y entrega documentos y valores. De ordinario, se establece una relación muy estrecha y singular. *Colón Prieto v. Géigel*, 115 D.P.R. 232 (1984).

La naturaleza de la relación abogado-cliente hace que éste confíe en el letrado ciertas cosas que, en virtud de la confidencialidad que permea la relación, no deben correr el riesgo de ser divulgadas. Por esa razón, una solicitud a los efectos de citar como testigo a un abogado de una de las partes en el caso, debe ser tomada por el tribunal con cautela. Con respecto a ésta, nos dice el Tribunal Supremo en el caso de *Ades, supra*:

*"Esta especial relación tiene además una dimensión y un fundamento ético. El Canon 22 del Código de Etica reconoce la necesidad de que el abogado no sea parte, ni incorporado al elemento probatorio. Reza: "Excepto cuando sea esencial para los fines de la justicia, el abogado debe evitar testificar en beneficio o en apoyo de su cliente. Cuando un abogado es testigo de su cliente, excepto en materias meramente formales, tales como la comprobación o custodia de un documento y otros extremos semejantes, debe dejar la dirección del caso a otro abogado." El desalentar la participación del abogado como elemento evidenciario en un pleito, va dirigido no a tronchar, sino a robustecer, esa seguridad. anhelada por el cliente. Evita en lo posible mezclar la función del abogado con el papel de un testigo."* (Enfasis suplido.)

En el caso de *Ades*, se trataba de un demandante que pretendía deponer al abogado de la parte demandada. El Tribunal Supremo señaló:

*"Se ha expresado en reiteradas ocasiones que el reconocer de manera absoluta la prerrogativa de llamar a deponer a un abogado del litigante contrario, para que declare .sobre aspectos del caso y produzca determinados documentos, puede convertirse en un medio mortificante, abusivo y opresivo no sólo hacia ese abogado, sino hacia su representado. Podría, además, tener la consecuencia de que un número sustancial, si no todas las preguntas formuladas, fueran apropiadamente objetadas bajo el fundamento del privilegio abogado-cliente. Ello trastocaría el curso ordinario de la litigación normal. Causaría dilaciones innecesarias."* (Enfasis suplido.)

En razón de todo lo anterior, y ante los intereses que podrían verse afectados en una situación como esta -salvaguardar el derecho de un litigante al descubrimiento de prueba, versus el interés público de proteger al máximo el ejercicio libre de la función de abogado-, el Tribunal Supremo adoptó como regla reconocer, cualificadamente el derecho a tomar una deposición de un abogado de una parte, siempre que previa y adecuadamente se establezca *"justa causa"*. Esta medida exige un estricto y ponderado escrutinio de los tribunales y tiene el propósito de evitar que se produzcan rozanamientos y tensiones innecesarias. *Ades v. Zalman, supra*.

Como criterio determinante, el foro judicial debe tratar de detectar si la información que se busca descubrir a través del abogado, es susceptible de ser obtenida a través de otras personas o medios menos onerosos y complejos. De existir otras fuentes de información accesibles, debe prescindirse de ese curso de acción. El tribunal *a quo* debe permitir el examen y descubrimiento de toda materia pertinente, no privilegiada, y que no sea producto de su trabajo (*"work product"*). *Ades v. Zalman, supra*.

En el caso de autos, el Lcdo. Planas Merced no ha demostrado que la información que desea obtener mediante el testimonio de los abogados de Levitt Homes, no es susceptible de ser obtenida por otras fuentes. Sólo señala que la comparecencia de aquéllos es necesaria para que se expresen en cuanto al contenido de sus escritos y por alegadamente estar *"directamente relacionados a la reclamación del demandante en un juicio en*

*sus méritos"*. Lo anterior, a pesar de no ser dichos letrados parte en el litigio. Además, Levitt Homes ha expresado que el Sr. Planas Merced no ha realizado descubrimiento de prueba al respecto, a pesar de estar disponibles para ser depuestos los oficiales de Levitt Homes que participaron en las negociaciones en controversia. Entendemos que las alegaciones del Sr. Planas Merced no constituyen la justa causa que requiere la jurisprudencia para que el tribunal ordene la comparecencia de los abogados de Levitt Homes.

En conclusión, un tribunal tiene autoridad para citar como testigos a toda aquella persona que tenga conocimiento personal de hechos que contribuyan a esclarecer la controversia presentada ante su consideración bajo pena de desacato, y aunque la misma no excluye a los abogados, ésta debe ser ejercida cautelosamente en ciertos casos. *Pueblo v. Lamberty González*, 112 D.P.R. 79 (1982). Debe realizarse un amplio descubrimiento de prueba y si luego de ello quedase demostrado que la comparecencia de los abogados como testigos es imprescindible, entonces es que se recurre a ello.

### III

Por los fundamentos anteriormente consignados, se expide el recurso de *certiorari*, se revoca la determinación del Tribunal de Primera Instancia y se devuelve el caso para procedimientos ulteriores compatibles con lo aquí resuelto.

Así lo acordó y manda el Tribunal y lo certifica la señora Subsecretaria General.

Gladys E. Ortega Ramírez
Subsecretaria General

**ESCOLIO 2001 DTA 175**

**1.** El 14 de marzo de 2000, durante la celebración de una vista, el foro *a quo* acogió la moción de desistimiento con perjuicio con respecto al Sr. Marcelino Rosario Lizardi, presentada por el Lcdo. Planas Merced. El Tribunal de Primera Instancia hizo esto en corte abierta, dictando luego la correspondiente sentencia parcial.