# 2002 DTA 107

## TRIBUNAL DE CIRCUITO DE APELACIONES
## CIRCUITO REGIONAL VI DE CAGUAS/HUMACAO/GUAYAMA

EL PUEBLO DE PUERTO RICO
Apelado

v.

HECTOR L. AYALA VEGA
Apelante

------------------------------------

EL PUEBLO DE PUERTO RICO
Apelado

v.

AGTE. FELIX BERRIOS
Apelante

Núm. KLAN-2001-00971

San Juan, Puerto Rico, a 12 de junio de 2002

Panel integrado por su Presidenta, la Juez Pesante Martínez,
y los Jueces Rodríguez García y Salas Soler

Rodríguez García, Juez Ponente

## TEXTO COMPLETO DE LA SENTENCIA

Comparecen ante este Foro el Lcdo. Héctor Ayala Vega (Lcdo. Ayala) y el Agte. Félix Berríos (Agte. Berríos) mediante recurso de Apelación, con el interés de que revoquemos la Resolución dictada en 2 de octubre de 2001 por el Tribunal de Primera Instancia, Sala de Menores de Guayama. Los apelantes, Lcdo. Ayala y Agte. Berríos, fueron sumariamente encontrados incursos en desacato criminal, mediante el referido dictamen, al amparo de la Regla 242(b) de Procedimiento Criminal, 34 L.P.R.A. Ap. II, R. 242 (b). Se le impuso al Lcdo. Ayala una pena de ciento cincuenta dólares ($150.00), y cien dólares ($100.00), al Agente Berrios, o en defecto de pago, un (1) día de cárcel por cada cincuenta dólares ($50.00) que se dejare de pagar.

Luego de un minucioso examen de los autos del caso, se *revoca* la sentencia apelada. Explicamos.

### I. Trasfondo fáctico y procesal

En 5 de abril de 2001, se determinó causa probable en la vista de aprehensión contra el menor J.C.M.P. por una falta cometida bajo el Art.404 de la Ley de Sustancias Controladas. Su abogado lo era el Lcdo. Ayala, y el Agte. Berríos figuraba co mo testigo del caso. Posteriormente, en 29 de mayo del mismo año, se determinó causa probable y se señaló la falta para vista adjudicativa en 3 de julio de 2001.

La vista adjudicativa señalada para el 3 de julio de 2001, fue suspendida a petición del Procurador de Menores para el día 7 de agosto de 2001, toda vez que el Agte. Berríos no compareció a la misma, ni presentó excusas. Para la vista del 7 de agosto, el Agte. Berríos fue citado mediante diligenciamiento personal.

La vista del 7 de agosto de 2001 fue suspendida a petición del Lcdo. Ayala, por lo que fue reseñalada para el 28 de agosto del mismo año, a pesar de que se le informó al Tribunal que ese mismo día tenía otros señalamientos en la sala de Vistas Preliminares. Por su parte, el Agte. Berríos no compareció a dicha vista, y fue citado nuevamente mediante diligenciamiento personal, en la fecha señalada.

En 28 de agosto de 2001, se volvió a suspender la vista, esta vez para el 11 de septiembre, debido a la incomparecencia del Lcdo. Ayala y el Agte. Berríos. Además, se emitió orden de mostrar causa por lo que no debían ser encontrados incursos en desacato por la incomparecencia, a pesar de haber sido citados personalmente.

El foro sentenciador *motu proprio*, suspendió la vista del 11 de septiembre de 2001 para el 25 de septiembre, a las 8:30 de la mañana. Además, se le indicó al Lcdo. Ayala que debía comparecer no más tarde de las 10:00 a.m. para dar comienzo a la vista.

El día señalado, 25 de septiembre de 2001, el Lcdo. Ayala compareció a las 11:30 a.m., poco después de la hora señalada, debido a que había tenido varios señalamientos ante la Sala de vistas preliminares. El Tribunal Superior, Sala de Menores de Guayama, concedió un turno posterior para las 2:00 p.m., a lo que el Agte. Berríos informó que había sido citado ese mismo día para comparecer como testigo en un juicio por jurado a la 1:30 p.m.

El Lcdo. Ayala no compareció a la hora acordada, por lo que Tribunal emitió una segunda orden de mostrar causa por la cual no debía encontrarse incurso en desacato por su incomparecencia a la vista. Finalmente, el Tribunal suspendió la vista adjudicativa y las órdenes de mostrar causa y se señaló vista para el 2 de octubre de 2001, a las 8:30 a.m.

El Lcdo. Ayala no pudo comparecer a la hora señalada para la vista (2:00 p.m.), toda vez que estaba citado a la 1:30 p.m. en la Sala de Vista Preliminar para un caso que duró varias horas y cuando pudo acudir a la Sala de Menores, se le informó que la vista había sido suspendida.

En 2 de octubre de 2001, día señalado para vista adjudicativa, el Lcdo. Ayala compareció luego de la hora señalada debido a que tenía pendiente un asunto ante la Sala de Salinas. Respecto al día 28 de agosto de 2001, indicó que tenía varios asuntos que ventilar en la sala de Vista Preliminar, por lo que no pudo acudir a la hora señalada. En relación a la orden para mostrar causa emitida en 25 de septiembre de 2001, indicó que acudió a la sala de Vista Preliminar y le indicó al alguacil que tenía un caso en el Tribunal de Menores, a lo que el alguacil le ordenó que no saliera de dicha sala debido a que era el representante legal de la mayoría de los casos (90%).

Por su parte, el Agte. Berríos compareció una hora más tarde de la señalada, 9:30 a.m., y pidió excusas debido a que había trabajado hasta las cuatro de la mañana (4:00 a.m.). Respecto a la orden de mostrar causa de 28 de agosto, no brindó ninguna excusa y en relación al día 25 de septiembre, informó que estaba citado para un caso por jurado.

El Tribunal dictó *"Resolución y Orden"* en 2 de octubre de 2001. Determinó el foro sentenciador que los apelantes incumplieron con las órdenes del Tribunal, generando una indebida alteración del orden de los procedimientos fijados, por lo que declaró al Lcdo. Ayala y al Agente. Berríos, incursos en desacato por incomparecencia injustificada, los días 28 de agosto y 25 de septiembre de 2001. Además se les impuso una pena de ciento cincuenta dólares ($150.00) y cien dólares ($100.00), respectivamente, o en defecto de pago, un

(1) día de cárcel por cada cincuenta dólares ($50.00) que se dejaren de pagar.

Ese mismo día, en 2 de octubre de 2001, el Agte. Berríos y el Lcdo. Ayala presentaron "*Moción de Reconsideración*". Al día siguiente, 3 de octubre, dichas mociones fueron declaradas SIN LUGAR por el Tribunal.

Inconformes con el referido dictamen, presentaron escrito de apelación en 3 de octubre de 2001, en el que señalan los siguientes errores, alegadamente cometidos por el foro sentenciador:

"*1. Erró el Honorable Tribunal al no utilizar el procedimiento adecuado y apropiado a su alcance.*

*2. Erró el Honorable Tribunal al imponer en forma sumaria las multas y/o pena de cárcel a los apelados.*" (Apelación, pág. 4)

Según los apelantes, el desacato impuesto por el foro sentenciador fue de naturaleza civil en lugar de naturaleza criminal y que "*...del análisis de los hechos no amerita el que el tribunal tomara acción de clase alguna contra el abogado en ese caso y el agente de la Policía de Puerto Rico.*" (Apelación, pág. 4)

Junto con el escrito de apelación, el Lcdo. Ayala y el Agte. Berríos presentaron "*Moción en Auxilio de Jurisdicción*", solicitando a este Foro que paralizara "*...la posible Orden de Arresto que pueda emitir el Tribunal de Guayama...*". (Moción en Auxilio de Jurisdicción, pág. 2)

En 4 de octubre de 2001, emitimos una Resolución concediéndole un plazo de treinta días al Procurador General, para que expusiera su posición respecto a la procedencia y méritos del recurso. Al día siguiente, 5 de octubre, se emitió una segunda resolución en la que se expuso, entre otras cosas, que la moción de auxilio de jurisdicción solicitando la paralización de las órdenes de arresto era innecesaria, toda vez que al presentarse la apelación, quedan paralizados los procedimientos en instancia.

En 7 de noviembre de 2001, los apelantes presentaron un alegato complementario al escrito de apelación presentado en 3 de octubre de 2001. Mediante dicho alegato se nos informa que, un día después de presentado el recurso de apelación, en 4 de octubre de 2001, el foro de instancia enmendó su Resolución para incluir una orden y mandamiento de encarcelación debido a que había omitido incluirlos en la primera resolución. A pesar de esta alegación, los apelantes no nos presentaron copia de dicha resolución enmendada. Por lo tanto, no daremos consideración a dicho planteamiento.

Finalmente, en 8 de noviembre de 2001, el Pueblo de Puerto Rico, representado por el Procurador General, presentó su escrito, en el que nos solicita se confirme la resolución recurrida.

Contando con el beneficio de la comparecencia de las partes, estamos en posición de resolver.

## II. Discusión de Errores y Derecho Aplicable

En el contexto de los asuntos criminales, la única alternativa disponible para sancionar la incomparecencia de un abogado al tribunal es utilizar el procedimiento establecido en la Regla 242(b) de las de Procedimiento Criminal, 34 L.P.R.A. Ap. II, R. 242, que regula lo relativo al desacato criminal indirecto. Véase, *Pueblo v. Lamberty González*, 112 D.P.R. 79 (1982).

Nuestra jurisprudencia ha reiterado en varias ocasiones que los tribunales de justicia poseen un poder inherente para condenar por desacato, ya sea con el fin de hacer cumplir sus sentencias, conservar el orden en los procedimientos y/o castigar la desobediencia o resistencia contumaz a sus órdenes y decretos. *Pueblo v.*

*Pérez Díaz,* 99 D.P.R. 788, 801, (1971); *Pueblo v. García Rivera,* 103 D.P.R. 547, 551 (1975); *Pueblo v. Santiago Lavandero,* 108 D.P.R. 677, 654 (1979); *Pueblo v. Lamberty González,* 112 D.P.R. 79, 81 (1982); *Pérez Pascual v. Vega Rodríguez,* 124 D.P.R. 529, 535 (1989); *Srio. D.A.C.O. v. Comunidad San José, Inc.* 130 D.P.R. 782, 804 (1992).

Tal poder es uno basado en el sano principio de que la observancia de las órdenes de los tribunales, por parte de aquéllos contra quienes van dirigidas, es de cardinal importancia para la administración de la justicia y protección de los derechos de la ciudadanía. *Srio D.A.C.O. v. Comunidad San José, Inc., supra.* Aun cuando se ha indicado que los casos de desacato son *sui generis,* la normativa reconoce que éstos pueden catalogarse como civiles o criminales, dependiendo del propósito perseguido en los mismos. *Dubón v. Casanova,* 65 D.P.R. 835, 844 (1946); *Pérez v. Espinosa,* 75 D.P.R. 777, 783 (1954); *Pérez v. Lamberty González, supra.*

En cuanto a la distinción entre éstos, cabe señalar que el mecanismo de desacato civil encuentra cabida en aquellas situaciones en que una persona deja de hacer alguna cosa que el tribunal ordenó que hiciera para beneficio y ventaja de otra. Por otro lado, el desacato criminal va encaminado a vindicar la autoridad y dignidad del tribunal. *Dubón v. Casanova, supra; Pérez v. Espinosa, supra,* pág. 781; *Pueblo v. Susoni,* 81 D.P.R. 124, 156 (1959); *Pueblo v. Lamberty González, supra,* pág. 81. Es por ello que el dictamen judicial en casos de desacato civil conlleva la encarcelación indefinida de una parte, hasta tanto cumpla con lo pertinente, constituyendo ésta un remedio reparador, mientras que en el desacato criminal, la sentencia impondrá una multa y/o encarcelación en prisión por un término fijo, remedio que es puramente punitivo. En lo que respecta al desacato civil, se ha expresado que en la medida en que una parte incumple una orden que requiere un acto afirmativo de hacer, y es encarcelado por tal motivo, dicha parte tiene la llave de las puertas de la prisión cuando cumple con lo ordenado por el tribunal. *Pérez v. Espinosa, supra,* pág. 781.

Diferente es la situación del que es encontrado incurso en desacato criminal, ya que siendo la imposición de la pena, la finalidad y esencia primordial de tal mecanismo, el dictamen judicial será por un término fijo de encarcelación o una multa o penalidad fija, la cual deberá ser cumplida o pagada independientemente del cumplimiento o incumplimiento de la orden u obligación original. *Ibid.*

En adición al reconocido poder inherente que poseen los tribunales para castigar por desacato, existen varias fuentes estatutarias que proveen para la utilización del referido mecanismo. Entre éstas se encuentra: (1) el Artículo 235 del Código Penal, 33 L.P.R.A. §. 4431 , el cual tipifica varias modalidades del delito de desacato; y (2) la Regla 242 de las de Procedimiento Criminal, 34 L.P.R.A. Ap. II, R. 242, la cual prescribe el procedimiento sumario para casos de desacato directo, y el ordinario para las situaciones de desacato indirecto.

El Artículo 235 del Código Penal, *supra,* prescribe, en parte, de la siguiente forma:

*"Será sancionada con pena de reclusión que no excederá de noventa días o multa que no excederá de quinientos o ambas penas a discreción del tribunal, toda persona que realizare cualesquiera de los siguientes actos:*

*(b) Desobediencia a cualquier decreto, mandamiento, citación u otra orden legal expedida o dictada por algún tribunal en un pleito o proceso en que estuviere conociendo."*

Aun cuando el incumplimiento o desobediencia con una sentencia u orden del tribunal puede dar lugar a un desacato criminal, debe quedar claro que no en todos los casos tal situación constituirá un desacato criminal, ya que para ello debe estar presente en el acusado el elemento de intención criminal. *Pueblo v. Escalera,* 95 D.P.R. 148, 153 (1967); *Pueblo v. Concepción Fonseca,* 101 D.P.R. 329, 359 (1973).

Esto es, la *"encontrados"* intención de desobedecer las órdenes del tribunal o de perturbar su orden, o

afectar su dignidad, requiere la intención por parte del acusado como [un] elemento subjetivo del delito. Dora Nevares-Muñiz, *Código Penal de Puerto Rico, Revisado y Comentado,* 1997, Hato Rey, Instituto para el Desarrollo del Derecho, Inc., pág. 387, citando a *Pueblo v. Escalera, supra; Pueblo v. Concepción Fonseca, supra; Pueblo v. González Mathews,* 109 D.P.R. 683 (1980).

Por otro lado, la Regla 242 (b) de las de Procedimiento Criminal, *supra,* dispone sobre el procedimiento ordinario que debe seguir un tribunal para la utilización del mecanismo de desacato criminal:

*"(b) Procedimiento ordinario. Salvo lo provisto en el inciso (a) de esta regla, en todo caso de desacato criminal se le dará al acusado, previo aviso, la oportunidad de ser oído. El aviso expondrá el sitio, fecha y hora de la vista, concederá al acusado un tiempo razonable para preparar su defensa, hará saber al acusado que se le imputa un desacato criminal y expondrá los hechos esenciales constitutivos del mismo. El acusado tendrá derecho a su libertad provisional bajo fianza de acuerdo con las disposiciones de estas reglas. Si el desacato se fundara en actos o conducta irrespetuosa hacia un juez, éste no podrá conocer de la causa excepto con el consentimiento del acusado."*

Así, para que sea válida una sentencia de desacato criminal, el procedimiento seguido por el tribunal debe ser uno de naturaleza criminal, y en el inicio del mismo debe habérsele informado a la parte objeto del procedimiento que contra él ha de seguirse un proceso de naturaleza criminal, el cual podría culminar en una sentencia por desacato criminal, con una condena de multa o período de cárcel. Ello, a los fines de que dicha parte pueda tener desde el primer momento tal conocimiento, y la debida oportunidad de invocar en su beneficio ciertas defensas y reglas propias de un procedimiento criminal. *Pérez v. Espinosa, supra,* pág. 782; *Pueblo v. Vega Jiménez,* 121 D.P.R. 288, 291 (1988).

Esto es, cuando se trate de una situación de desacato criminal indirecto, el tribunal debe brindar a la parte la oportunidad de ser oído y defenderse, conforme lo dispuesto en la Regla 242 (b) de las de Procedimiento Criminal, *supra.* En tales casos, no sólo es necesario la celebración de una vista, sino que los procedimientos deben cumplir con todas las garantías constitucionales exigidas por el debido proceso de ley que son seguidas en el procedimiento ordinario propio de todo juicio criminal. En la medida en que éstas no sean cumplidas, el decreto será necesariamente nulo.

Es imperativo señalar, además, que una misma conducta puede dar lugar a un procedimiento de desacato civil y a otro de naturaleza criminal. *Pérez Pascual v. Vega Rodríguez, supra;* Dora Nevares-Muñiz, *supra.* Un ejemplo de ello, lo es la desobediencia de una parte para con una orden del tribunal, la cual conste en la obligación de hacer algo. De igual forma, el carácter penal o civil del procedimiento en que se da la conducta, no dicta la naturaleza del desacato. *Pueblo v. Lamberty González, supra,* pág. 82. O sea, puede cometerse un desacato civil dentro de un proceso penal y viceversa. La determinación sobre qué tipo de desacato es el que ocupa cada situación particular, cobra importancia debido a que, según hemos visto, existe marcada diferencia en el remedio que finalmente es otorgado en la sentencia, así como en los procedimientos que deben ser seguidos en ambos. *Dubón v. Casanova, supra; Ibid.*

Atendida la situación fáctica que presenta el caso de autos, a la luz de la normativa antes expuesta, clasifiquemos el caso presente. Bajo el Art. 29 del Código de Enjuiciamiento Civil, 32 L.P.R.A. sec. 163, hemos denominado desacato civil la desobediencia a una citación, aunque hemos exigido que se siga un procedimiento análogo al fijado para el desacato criminal. *Pueblo v. Pérez Díaz,* 99 D.P.R. 788 (1971). En tales situaciones, como se hizo en el caso presente, el tribunal tiene la opción, a nuestro entender preferible, de tratar el desacato como un desacato de índole criminal, dado el propósito del remedio, y utilizar el mecanismo dispuesto por la Regla 242(b). Se trata en este caso, por lo tanto, de un desacato criminal indirecto, correctamente encuadrado dentro del marco de la Regla 242(b) de Procedimiento Criminal. *Pueblo v. Lamberty González, supra,* págs. 81-82.

Concluido lo anterior, es menester que evaluemos si la conducta desplegada por la parte aquí peticionaria en efecto constituyó una desobediencia y/o incumplimiento para con las órdenes del tribunal, y si para el caso de autos el tribunal recurrido siguió el procedimiento exigido por nuestro ordenamiento jurídico vigente para los casos de desacato criminal.

Según surge de la Resolución y Orden dictada por el foro de instancia, la conducta efectuada por los aquí apelantes, Lcdo. Ayala y Agte. Berríos, que dio base al desacato, consistió en que éstos no comparecieron a las vistas señaladas para el 28 de agosto de 2001 a las 8:30 a.m. y el 25 de septiembre de 2001, a las 2:00 p.m.

Según surge de las mociones de reconsideración presentadas en instancia, en 28 de agosto de 2001, el Lcdo. Ayala se encontraba en la Sala de Espera del Tribunal de Menores (Moción de Reconsideración presentada por el Lcdo. Ayala, pág. 1). Por su parte, el Agte. Berríos, ese día, mientras se dirigía al Tribunal se encontró con un policía que intervino en el caso y éste le informó que el caso se había suspendido y regresó a la Comandancia (Moción de Reconsideración presentada por el Agte. Berríos, pág. 1). Sin embargo, según surge de la Resolución y Orden apelada, ni el Lcdo. Ayala ni el Agte. Berríos comparecieron a la vista ni presentaron excusas.

No obstante, la incomparecencia de ambos el día 25 de septiembre fue totalmente justificada. Ese mismo día, el Lcdo. Ayala se encontraba en la sala de Vista Preliminar, donde tenía una citación para la 1:30 p.m., el proceso se dilató más de lo pensado y no pudo estar a la hora acordada en la Sala de Menores, o sea, a las 2:00 p.m. y así fue informado al Tribunal en 2 de octubre de 2001. Por otro lado, el Agte. Berríos, tenía una citación para comparecer como testigo en un juicio por jurado en la Sala 305, y así fue informado al Tribunal en horas de la mañana.

Definitivamente cometió error revocable el foro sentenciador al imponerle al Lcdo. Ayala y al Agte. Berríos, obviando el procedimiento antes indicado, una sanción de ciento cincuenta dólares ($150.00) y cien dólares ($100.00), respectivamente.

De lo anteriormente expuesto se colige que en este caso, si el tribunal *a quo* entendía que la conducta desplegada por el Lcdo. Ayala y el Agte. Berríos, por su incomparecencia a corte era lesiva a la dignidad del tribunal, podía imputarle a éste un desacato criminal y utilizar el procedimiento establecido en la Regla 242 (b) de Procedimiento Criminal, *supra*. El tribunal recurrido tenía que concederle al Lcdo. Ayala y al Agte. Berríos la oportunidad de defenderse y de ser oído en una vista celebrada a los únicos efectos de dilucidar el desacato criminal.

Los casos de desacato criminal donde una parte ha desobedecido una orden emitida, por ser catalogados como desacato ordinario, requieren que se siga el proceso estatuido en la Regla 242 (b) de las de Procedimiento Criminal, *supra; Pérez Pascual v. Vega Rodríguez, supra,* pág. 535. Si bien es cierto que en la vista de 2 de octubre de 2001, donde se dilucidaron los desacatos imputados, el Lcdo. Ayala y el Agte. Berríos presentaron sus excusas y sus posiciones fueron escuchadas por el Tribunal, no surge del expediente que el procedimiento utilizado por el tribunal recurrido para sancionar ambos fuera conforme a la Regla 242 (b), *supra*.

Concluimos que el dictamen recurrido no encuentra cabida alguna dentro de nuestro ordenamiento jurídico, constituyendo un abuso de discreción por parte del Tribunal Superior, Sala de Menores de Guayama.

Por los fundamentos antes expuestos, se REVOCA la sentencia apelada.

NOTIFIQUESE.

Lo acordó y ordena el Tribunal y lo certifica la Secretaria General.

Aida Ileana Oquendo Graulau
Secretaria General