Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL I

| AWILDA TORRES MÉNDEZ, MIGUEL A. TORRES MALDONADO y la SOCIEDAD LEGAL DE GANANCIALES y otros

Peticionarios

v.

MUNICIPIO DE UTUADO, ERNESTO IRIZARRY SALVA Y OTROS

Recurridos | KLCE202300700 | *CERTIORARI* procedente del Tribunal de Primera Instancia, Sala Superior de Utuado

Caso núm.: UT2020CV00258

Sobre: Injunction (Entredicho Provisional, Injunction Preliminar y Permanente) |

Panel integrado por su presidente el juez Sánchez Ramos, el juez Rivera Torres y el juez Salgado Schwarz.

**Rivera Torres, Juez Ponente**

### SENTENCIA

En San Juan, Puerto Rico, a 30 de junio de 2023.

Comparece ante este tribunal apelativo la Sra. Awilda Torres Méndez, el Sr. Miguel A. Torres Maldonado y la Sociedad Legal de Gananciales compuesta por ambos (los peticionarios) mediante el recurso de *Certiorari* de epígrafe solicitando la revisión de una *Resolución* dictada y notificada el 27 de abril de 2023 por el Tribunal de Primera Instancia, Sala Superior de Utuado (TPI). En este dictamen, el foro primario concluyó que el Municipio de Utuado (Municipio o parte recurrida) contaba con un permiso vigente y otorgado conforme a derecho que le permite operar oficinas, estacionamiento, almacén y un taller de mantenimiento de vehículos y maquinaria pesada en un predio aledaño a la propiedad de los peticionarios. De esta forma, el foro *a quo* determinó que la parte recurrida cumplió con los parámetros establecidos por una *Sentencia* dictada el 24 de noviembre de 2020 en la que se ordenó

la paralización del uso del predio hasta que se consiguieran los debidos permisos, entre otras disposiciones.

Por los fundamentos que expondremos a continuación, expedimos el auto de *certiorari* solicitado y confirmamos el dictamen recurrido.

**I.**

El 19 de octubre de 2020, los peticionarios solicitaron al TPI la concesión de un *injunction* para ordenar la paralización del uso por el Municipio de Utuado de un predio de terreno aledaño a su propiedad al amparo de las disposiciones del Artículo 14.1 de la *Ley para la Reforma del Proceso de Permisos de Puerto Rico*, Ley núm. 161 de 1 de diciembre de 2009, según enmendada, 23 LPRA sec. 9011 *et seq.* (Ley núm. 161-2009). En ese momento, estos plantearon que el Municipio de Utuado: (1) no tenía los permisos para operar un Garaje Municipal en el predio; (2) llevaba a cabo una operación ilegal de almacenamiento de desperdicios sólidos no peligrosos, sin tener los debidos permisos para ello; (3) permitía que terceros arrojaran basura y desperdicios sólidos al predio, permitiendo la creación de un vertedero clandestino y operando una estación de manejo de este tipo de desperdicios; (4) mantenía un área de estacionamiento de vehículos y equipo pesado en el predio, sin contar con los permisos para ello; y (5) situó en el predio una oficina administrativa, un almacén y un taller de mecánica, sin permiso para ello.

El 24 de noviembre de 2020, el TPI dictó una *Sentencia* en la que concedió la petición de *Injunction* estatutario promovida por los peticionarios y concluyó que todo uso del predio era ilegal e indebido ante la ausencia de permisos para la operación o uso de la propiedad en cuestión. En consecuencia, el foro primario ordenó lo siguiente:

> a. **La paralización inmediata de todo uso** no autorizado en la propiedad donde ubica el Garaje Municipal hasta tanto se obtengan los

correspondientes permisos. El Municipio de Utuado deberá tomar todas las medidas para clausurar la propiedad hasta tanto y cuando obtenga los permisos necesarios para poder utilizar la propiedad de conformidad con las exigencias legales y reglamentarias aplicables.

b. **La remoción inmediata** de todos los desperdicios sólidos, chatarra, neumáticos, escombros y cualquiera otro almacenados en la propiedad. Para esto se le concede al Municipio de Utuado un término de treinta (30) días contados a partir de la notificación de esta Sentencia para que realice todas las gestiones y acciones necesarias para cumplir con lo antes indicado.

c. El Municipio deberá de inmediato tomar todas las medidas necesarias y de seguridad para impedir que sus agentes, empleados o terceros depositen desperdicios en la propiedad o sus inmediaciones.

d. Se dispone, que de incumplir la parte demandada, el Municipio, sus representantes y/o funcionarios obligados por ley a cumplir con lo aquí ordenado, podrá ser encontrado incurso en desacato.

e. Se ordena a la Oficina de Alguaciles diligenciar la presente sentencia a la oficina del Alcalde del Municipio de Utuado. (Énfasis nuestro)

Posteriormente, el 16 de marzo de 2022, los peticionarios acudieron al TPI mediante una moción titulada *Solicitud para que se cumpla con lo ordenado mediante Sentencia* en la que señalaron el incumplimiento del Municipio de Utuado con los incisos (a) y (b) de la antedicha *Sentencia.*

Luego de varios trámites procesales, el 27 de abril de 2023, el foro recurrido emitió la *Resolución* impugnada en la que concluyó que el Municipio de Utuado demostró que contaba con un permiso vigente, **otorgado conforme a derecho**, que le permite operar, en el predio en cuestión, tanto oficinas de servicios del Departamento de Obras Públicas municipal como el estacionamiento, almacén y taller de mantenimiento de vehículos municipales y maquinaria pesada. Por tanto, el foro primario dio por cumplida la *Sentencia* dictada el 24 de noviembre de 2020. Inconformes, los peticionarios instaron una reconsideración la cual fue declarada *No Ha Lugar* mediante una Orden dictada el 16 de mayo, notificada el 22 de mayo siguiente.

Todavía en desacuerdo, los peticionarios comparecen ante esta *Curia* mediante una petición de *certiorari* imputándole al tribunal de primera instancia haber incurrido en el siguiente error:

> ERRÓ EL TPI EN LA APRECIACIÓN DE LA PRUEBA PRESENTADA DURANTE LA VISTA EVIDENCIARIA Y EN LA APLICACIÓN DEL DERECHO A LOS HECHOS DEL CASO AL DAR POR CUMPLIDA LA SENTENCIA DICTADA EL 24 DE NOVIEMBRE DE 2020 DETERMINANDO QUE EL MUNICIPIO CUENTA CON UN PERMISO OTORGADO CONFORME A DERECHO QUE PERMITE LAS OPERACIONES EN CONTROVERSIA Y AL IGNORAR QUE LOS PERMISOS PRESENTADOS POR EL MUNICIPIO FUERON OBTENIDOS DE MANERA FRAUDULENTA Y EN VIOLACIÓN A LA LEY DE CERTIFICACIÓN DE PLANOS O PROYECTOS.

Examinado el recurso y los documentos que le fueron adjuntados, prescindimos de la comparecencia de la parte recurrida, conforme nos faculta la Regla 7(B)(5) del Reglamento de este Tribunal de Apelaciones.

Analizados el escrito y el expediente apelativo; así como estudiado el derecho aplicable, procedemos a resolver.

**II.**

**Auto de *certiorari***

El auto de *certiorari* constituye un vehículo procesal discrecional que permite a un tribunal de mayor jerarquía revisar las determinaciones de un tribunal inferior. *IG Builders at al. v. BBVAPR*, 185 DPR 307, a las págs. 337-338 (2012); *García v. Padró*, 165 DPR 324, a las págs. 334-335 (2005); *Negrón v. Srio. de Justicia*, 154 DPR 79, a las págs. 90-92 (2001). Todo recurso de *certiorari* presentado ante este tribunal intermedio debe ser examinado primeramente al palio de la Regla 52.1 de Procedimiento Civil de 2009, 32 LPRA Ap. V, R. 52.1. No obstante, y a pesar de que la Regla 52.1, *supra,* no lo contempla, el *certiorari* también es el recurso apropiado para solicitar la revisión de determinaciones post sentencia.

Para poder ejercer sabiamente nuestra facultad discrecional en la consideración de los asuntos planteados mediante dicho recurso,

la Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap.

XXII-B, dispone lo siguiente:

> El Tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari* o de una orden de mostrar causa:
>
> (A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
>
> (B) Si la situación de hechos planteada es la más indicada para el análisis del problema.
>
> (C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
>
> (D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
>
> (E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.
>
> (F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.
>
> (G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

De estar presente alguno de estos criterios, esta *Curia* podrá ejercer su discreción e intervenir con el dictamen recurrido. De lo contrario, estará impedida de expedir el auto y deberá prevalecer la determinación del foro recurrido. *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 97 (2008). Ahora bien, es una norma reiterada que, de ordinario, los tribunales apelativos no deben intervenir con el ejercicio de la discreción de los foros de instancia, salvo que se demuestre que hubo un craso abuso de discreción, prejuicio, error manifiesto o parcialidad. *Trans-Oceanic Life Ins. v. Oracle Corp.*, 184 DPR 689, 709 (2012).

**III.**

En esencia, los peticionarios argumentaron que erró el TPI al resolver que los permisos otorgados al Municipio eran conforme a derecho. A esos efectos, estos plantearon que la prueba presentada demostró que dichos permisos fueron otorgados de manera

fraudulenta y en violación a la legislación regente que regula la certificación de planos o proyectos.

Evaluado el recurso ante nuestra consideración al palio de los criterios de la Regla 40, antes citadas, determinamos expedir el auto de *certiorari* por entender que están presentes algunos de estos, en especial, el TPI se equivocó en la interpretación del trámite procesal e incurrió en un error de derecho. Veamos.

Como es conocido, a través del mecanismo del desacato el juez hace valer las órdenes y sentencias dictadas y obliga a una parte a realizar cualquier acto que resulte necesario para el ejercicio efectivo de las funciones judiciales. *E.L.A. v. Asoc. de Auditores*, 147 DPR 669, 681 (1999). Tradicionalmente, los casos de desacato se clasifican en civiles y criminales dependiendo de la finalidad que persigue la sanción impuesta por la falta o incumplimiento. Si lo que se persigue es lograr el cumplimiento prospectivo de una orden, el desacato es civil. Si lo que se pretende es castigar a la persona por una conducta pasada, el desacato es criminal. *E.L.A. v. Asociación de Auditores,* supra, a la pág. 683; *Srio. D.A.C.O. v. Comunidad San José, Inc.*, 130 DPR 782, 804 (1992); *Pueblo v. Lamberty*, 112 DPR 79, 81 (1982).

Por tanto, en el presente caso, la moción presentada por los peticionarios el 16 de marzo de 2022 ante el TPI constituye una solicitud para que se encontrara al Municipio incurso en desacato por un alegado incumplimiento con la *Sentencia* de *injunction* dictada el 24 de noviembre de 2020. Luego de celebrada la vista de rigor, el foro recurrido concluyó que el Municipio cuenta con un permiso vigente y que "cumplió con los parámetros señalados en la sentencia."[1] En otras palabras, no encontró que este hubiese

---

[1] Véase el Apéndice del Recurso, a la pág. 0004.

incumplido la Sentencia de *injunction*, por lo cual no incurrió en un desacato. Incluso, el TPI dio por cumplido dicho dictamen.

Examinado el Apéndice del recurso, surge sin duda alguna que el Municipio cuenta con un *Permiso de Uso Único Automático*, Número de trámite: 2022-449780-PUA-008251 para el uso de las *Oficinas de Servicios del Departamento de Obras Publicas Municipal y sus Servicios*; y el *Permiso Único*, Número de trámite: 2022-449780-PU-200332, en el cual se incluye el estacionamiento, almacén y el taller de mantenimiento a vehículos municipales y maquinaria pesada.[2] Ambos expedidos por la Oficina de Gerencia de Permisos (OGPe). En consecuencia, no erró el TPI al dar por cumplida la Sentencia del 24 de noviembre de 2020.

Ahora bien, precisa enfatizar que mediante el dictamen recurrido el TPI solo podía atender y resolver las alegaciones referentes a que aún el Municipio utilizaba el terreno colindante con la propiedad de los peticionarios, como garaje municipal y para los fines antes descritos, **sin contar con los debidos permisos para su uso y operación**. Esto debido a que el foro *a quo*, previo a este petitorio, nunca tuvo ante su consideración una causa de acción relativa a la **ilegalidad de los permisos otorgados** por la OGPe. En este sentido, **esta nueva causa de acción de los peticionarios**, la cual requiere dilucidar la procedencia de los permisos ostentados por el Municipio de Utuado, se tiene que presentar y considerar al amparo de los recursos estatuidos en el ordenamiento jurídico para ello o en un pleito independiente. Es decir, este reclamo no puede formularse en un procedimiento posterior a la sentencia, etapa en la que se encontraba el presente caso.

Más aún, como advertimos, estamos en un proceso post sentencia que pretende hacer valer lo dispuesto en la deteminación

---

[2] *Íd.,* a las páginas 0080 y 0128.

mediante la que, reiteramos, solamente se consideró argumentos sobre la no tenencia de los permisos correspondientes de uso y operación por el Municipio.

En resumen, el foro recurrido actuó correctamente al declarar no ha lugar el desacato. En este sentido, recordemos que, en el caso de autos, la *Sentencia* de *injunction* se dictó cuando el Municipio no tenía el permiso correspondiente, pero ahora sí cuenta con el mismo por lo que actuó correctamente el TPI al razonar que no procedía el desacato.

De otra parte, se hace menester advertir que el foro *a quo* erró al resolver que los permisos fueron otorgados conforme a derecho. En este punto, enfatizamos que, aún si esos permisos fuesen nulos, eso no era un asunto para atenderlo el TPI, mucho menos en el contexto de este trámite post sentencia. En consecuencia, reiteramos que el TPI **no tenía jurisdicción para adjudicar la legalidad de los permisos**. Por lo cual, procede que dejamos sin efecto dicha determinación.

Así, y acorde con la normativa apelativa que nuestra revisión se da contra el dictamen y no contra sus fundamentos, procede confirmar el dictamen recurrido debido a que resultaría incorrecto encontrar al Municipio incurso en desacato, según hemos explicado.[3]

Por último, puntualizamos que nuestra determinación no pretende prejuzgar la controversia aducida por los peticionarios en cuanto a la alegada nulidad de los permisos. También recalcamos

---

[3] El corolario básico del Derecho apelativo es que la apelación o revisión se da contra la sentencia o decisión apelada; es decir, contra el resultado y no contra sus fundamentos. *Asoc. Pescadores Punta Figueras, Inc. v. Marina Puerto del Rey*, 155 DPR 906 (2001); *Pérez v. Criado Amunategui*, 151 DPR 355 (2000). Es por ello que, aunque algunos de los fundamentos de la sentencia recurrida sean erróneos, ello no constituye base para una revocación si por otros motivos puede sostenerse lo dispuesto en la sentencia. *Pueblo v. Pérez*, 159 DPR 554, 556 (2003); *Sánchez v. Eastern Airlines, Inc.*, 114 DPR 691, 695 (1983); *Corrada v. Asamblea Municipal*, 79 DPR 365, 370 (1956). Aún la revisión de órdenes o resoluciones interlocutorias se da contra la decisión emitida y no contra sus fundamentos. *Ramos v. Hosp. Sub-Regional de Aguadilla*, 111 DPR 744, 750 (1981).

que los peticionarios aún tienen otros mecanismos disponibles para impugnar los permisos ostentados por el Municipio de Utuado.

**IV.**

Por los principios antes expuestos, se expide el auto de *certiorari* solicitado y se confirma la *Resolución* recurrida aunque por otros fundamentos.

Notifíquese.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.


LCDA. LILIA M. OQUENDO SOLÍS
Secretaria del Tribunal de Apelaciones