El Juez Asociado Sr. Pérez Pimentel no intervino.

ÁUREA PÉREZ, demandante y apelada, *v.* CRESCENCIO ESPINOSA, demandado y apelante.

Número 10950.

*Sometido:* 1 de octubre de 1953. *Resuelto:* 15 de enero de 1954.

*Santos P. Amadeo* y *Rafael S. Vidal,* abogados del apelante; *Antonio J. Matta,* abogado de la apelada; *Hon. Secretario de Justicia José Trías Monge* y *Rafael L. Ydrach Yordán, Fiscal Auxiliar del Tribunal Supremo,* abogados de El Pueblo.

El Juez Asociado Señor Ortiz emitió la opinión del tribunal.

Se plantean de nuevo ante este Tribunal los problemas que han surgido de la reclamación de alimentos interpuesta contra Crescencio Espinosa por Áurea Pérez, en representación de Ruth Pérez, alegada hija natural de Espinosa. En el caso de *Espinosa* v. *Ramírez, Alcaide de Cárcel,* 71 D.P.R. 10, estaba envuelto un recurso de hábeas corpus instado por Espinosa, a base de los hechos y alegaciones que expondremos a continuación.

En pleito civil sobre reclamación de alimentos, la anterior Corte de Distrito de Humacao dictó sentencia condenando a Crescencio Espinosa a pasar a su alegada hija natural Ruth Pérez la cantidad de $5 semanales. El demandado se negó a cumplir la sentencia y a instancia de la madre de la menor, fué citado para que mostrase causas por las cuales no debería haber sido castigado por desacato. Finalmente la corte lo declaró culpable de desacato civil y lo sentenció a reclusión en la Cárcel de Distrito de Humacao por tiempo indefinido hasta que cumpliera con la sentencia en el pleito de alimentos. Interpuso Espinosa un recurso de hábeas corpus, en que alegaba que no había base estatutaria para que la corte pudiese dictar esa sentencia. Este Tribunal resolvió que era válida la sentencia, en vista del poder incidental de los tribunales de hacer cumplir sus sentencias a través del medio coercitivo de encarcelación por tiempo indefinido,

Posteriormente, este Tribunal tuvo ante sí un segundo recurso de hábeas corpus instado por Espinosa, y se ordenó su excarcelación, en vista de que su encarcelación, por dos años y más de cuatro meses, en cumplimiento de la sentencia por término indefinido, representaba ser un castigo cruel e inusitado. *Espinosa* v. *Ramírez, Alcaide de Cárcel*, 72 D.P.R. 901.

Ya excarcelado Espinosa, la parte demandante en el caso de autos presentó, el 28 de abril de 1952, una moción en que solicitaba se le castigase por desacato, por no haber cumplido con la obligación impuesta por sentencia de pagar $5 semanales en concepto de alimentos a su alegada hija. Habiéndose celebrado una vista en torno de esa moción, el tribunal de Humacao resolvió que el querellado estaba imposibilitado económicamente para poder cumplir esa sentencia. Posteriormente la parte demandante presentó una nueva moción en que solicitaba se rebajara la cuantía de la pensión alimenticia. El tribunal de Humacao declaró con lugar esa moción y ordenó que el demandado pagase a la menor la suma de $1.50 semanales.

El 22 de mayo de 1952 la parte demandante, a través de su abogado, radicó una moción, dentro de la acción principal de alimentos, intitulada: "Moción de Desacato", en la que exponía que Espinosa no había cumplido con la última orden de la corte (de pago de $1.50 semanales) y solicitó se citara al demandado "para que muestre causas por la cual no ha cumplido con dicha orden (y) por las cuales no debe castigarse por desacato". Se celebró una vista en torno de esa moción. El demandado aceptó que no había cumplido con la orden y alegó que no estaba en condiciones económicas para cumplirla. El abogado de la parte demandante dijo lo siguiente:

"Nosotros sometemos el caso con la admisión de que no se cumplió con la orden del tribunal."

El demandado informó que no presentaba prueba de clase alguna. Entonces el juez que presidió la vista en el tribunal

de Humacao se dirigió personalmente al demandado y le hizo varias preguntas que contestó el demandado.    Lo ocurrido fué lo siguiente:

"La Corte:  Vamos a la prueba.

"Lcdo. Matta:  Nosotros sometemos el caso con la admisión de que no se cumplió con la orden del tribunal.

"La Corte:  Que no ha depositado cantidad alguna.

"Lcdo. Vidal:  Explicando que no ha cumplido porque no está en condiciones de cumplir.

"La Corte:  ¿Sometido el caso?

"Lcdo. Amadeo:  Sí, señor.

"La Corte:  ¿No van a presentar prueba alguna?

"Lcdo. Amadeo:  Más ninguna, Sr. Juez.

"La Corte:  Eso es todo.    En este caso el tribunal lo condenó a Ud. a pasarle $5.00 semanales a la demandante Áurea Pérez.    Posteriormente el tribunal enmendó su sentencia y redujo la pensión alimenticia a la suma de $1.50 semanales.    Eso fué el 16 de mayo de 1952.    De entonces para acá, por admisión propia suya, Ud. no ha consignado ninguna de esas cantidades en este tribunal.    ¿Eso es cierto, Sr. Espinosa?

"Demandado:  No he consignado.

"La Corte:  No ha consignado.    Su abogado manifiesta que el único motivo para no haberlo hecho es que Ud. no está en condiciones de depositar $1.50.

"Demandado:  Sí, señor, estoy sujeto a medidas de la Iglesia, no puedo hacer ninguna cosa sobre el particular.

"La Corte:  ¿Ud. está sujeto a medidas?

"Demandado:  La Iglesia ha pasado medidas que a mi mano no llegue cantidad ninguna y yo lo manifiesto a esta Corte.

"La Corte:  El tribunal ya dictaminó que Ud. estaba en condiciones de pasarle la suma de $1.50 semanales para alimentos de la hija habida entre Ud. y Áurea Pérez además por el hecho de ser ministro de esa Iglesia Evangélica.    Habiendo Ud. desacatado la orden del tribunal, el tribunal lo declara convicto del delito de desacato y lo condena a sufrir 25 días de cárcel.

"Lcdo. Amadeo:  Sr. Juez, vamos a pedir la reconsideración de la resolución de la corte, en primer lugar, si éste es un desacato civil . . .

"La Corte:  No, criminal, el tribunal lo ha condenado por desacato criminal."

Terminó el Juez finalmente dictando sentencia condenando al demandado a cumplir 25 días de cárcel, y ordenando al márshal a que se llevase al demandado a la cárcel. Después de haber prestado una fianza, el demandado ha apelado de esa sentencia para ante este Tribunal, y ha señalado los siguientes errores:

"Primer Error: La corte sentenciadora erró al condenar al apelante sin haberse probado las alegaciones de la querella.

"Segundo error: La corte sentenciadora erró al condenar al apelante por desacato criminal, porque no se probó más allá de toda duda razonable que éste desacatara la orden del tribunal.

"Tercer Error: La corte erró al sentenciar al apelante porque no se probó que éste tuviera la intención criminal de desacatar al tribunal."

El tribunal de Humacao cometió un error fundamental de procedimiento que vicia de nulidad la sentencia. Al iniciar la discusión, conviene señalar que ya este Tribunal, en los propios casos de Espinosa ya citados, y a base de los casos de *Dubón* v. *Casanova*, 65 D.P.R. 835 y *Gompers* v. *Buck Stove and Range Co.*, 221 U. S. 414, et seq., ha adoptado una regla, que ahora ratificamos, relativa a la diferencia entre un desacato civil y un desacato criminal. En el desacato civil se impone en la sentencia una penalidad por término indefinido, efectiva hasta tanto el demandado cumpla con su obligación primaria, de pasar alimentos en un caso como el de autos. Como se ha indicado, el propósito esencial de tal clase de sentencia es el de beneficiar al otro litigante, y promover sus intereses privados, ya que el demandado tiene la llave de las puertas de la prisión en virtud del cumplimiento de su obligación principal y personal, y en esa forma se le da una oportunidad a la parte querellante para obtener el remedio o el resarcimiento que ella realmente interesa. La sentencia en un desacato civil no es punitiva, y la imposición de la pena no es su finalidad primordial. La pena por un término indefinido sirve solamente de medio para el logro de la finalidad esencial del cumplimiento de la orden

original, en beneficio del otro litigante. De otro lado, la sentencia de desacato criminal es por un término fijo de encarcelación o por una multa o penalidad fija, a ser cumplido o pagada independientemente del cumplimiento o incumplimiento de la orden u obligación original. Su propósito básico es el de vindicar la autoridad y la dignidad del tribunal. Podría, naturalmente, servir de estímulo para la obediencia de la orden original, a los fines de la evitación por el querellado de futuros procesos. Pero eso sería un propósito o consecuencia incidental. La esencia consiste en imponer un castigo fijo e incondicional al querellado, por haber ofendido al tribunal.

■■ En los casos anteriores de Espinosa, ya citados, la sentencia era de desacato civil, por un término indefinido y condicionada al cumplimiento de la obligación de pasar alimentos. Pero la sentencia apelada en el caso de autos es de desacato criminal, y así lo hizo constar expresamente el tribunal de Humacao después de dictar la sentencia en corte abierta. Es por un término fijo de 25 días de cárcel, y el cumplimiento de ese término fijo no está condicionado al cumplimiento de la obligación de pasar alimentos.

Ahora bien, la doctrina generalmente aceptada por la Corte Suprema de los Estados Unidos, por los tribunales federales y por la mayoría de los tribunales estaduales, cuya doctrina nosotros adoptamos, es al efecto de que, para que sea válida una sentencia de desacato criminal, el procedimiento seguido en cuanto al desacato debe ser de naturaleza criminal, y, en el inicio de ese procedimiento, debe haberse informado al querellado en forma adecuada que contra él ha de seguirse un procedimiento de naturaleza criminal que podría culminar en una sentencia de desacato criminal, por un término o penalidad fija, a los fines de que él pueda tener, desde el primer momento, el conocimiento de la existencia, y la oportunidad de invocar en su beneficio, ciertas defensas y reglas propias de un procedimiento criminal, tales como la presunción de inocencia, el privilegio de no incriminarse, y el postulado de que su culpabilidad debe probarse más allá de una

duda razonable. *Gompers* v. *Buck Stove and Range Co.*,
supra; *In re Guzzardi*, 74 F.2d 671, opinión del Juez Learned
Hand; *Federal Trade Commission* v. *McLean and Son*, 94
F.2d 802; *McCann* v. *New York Stock Exchange*, 80 F.2d
211, opinión del Juez Learned Hand; *In re Eskay*, 122 F.2d
819, opinión del Juez Clark; *Parker* v. *United States*, 153
F.2d 66, opinión de la Corte del Primer Circuito, Juez
Magruder; *State* v. *Verage*, 187 N. W. 830; Dangel, *Contempt*, P. 196, 197 *et seq.*; 17 C.J.S. 7, 77, 78, 110; Cf. *Fox*
v. *Capital Co.*, 299 U. S. 105, opinión del Juez Cardozo.

■■ De acuerdo con la jurisprudencia citada en estos
casos de desacato criminal, no es estrictamente necesario el
que se siga el procedimiento clásico criminal, independientemente de la acción civil principal, ni el que se inicie tal procedimiento con una acusación formal. Dentro de la propia
acción civil, cuando surja una desobediencia a una orden del
tribunal, si se pretende que el procedimiento culmine en una
sentencia de desacato criminal, debe advertirse al querellado,
al iniciarse el incidente de desacato, que el resultado podría
ser la imposición de una sentencia por desacato criminal, esto
es, la imposición de una penalidad fija, y que el propósito es
que los incidentes relativos al desacato tengan las características de un procedimiento criminal, a los fines de que el querellado esté consciente de su oportunidad de plantear sus derechos y defensas correspondientes. En el caso citado de
Gompers se estableció esa regla general, y se señaló la necesidad de lograr el objetivo básico de darle tal información
previa al querellado, como condición necesaria a la validez de
cualquier sentencia de desacato criminal que pudiese dictarse.
Pero tal como han indicado los jueces Clark, y Learned Hand,
en los casos citados, la opinión dictada en el caso de Gompers
dejó en la nebulosa o en las sombras la naturaleza del procedimento exacto que debía seguirse. Pero siendo el procedimiento de desacato criminal un procedimiento "sui generis"
encaminado a vindicar la autoridad del tribunal, las cortes
pueden elaborar su propio procedimiento, siempre y cuando

que se le informe oportunamente al querellado que el incidente de desacato, aun dentro de la acción civil principal, envuelve una querella, no meramente de la parte demandante contra el demandado, sino del gobierno, o del Pueblo de Puerto Rico en nuestro caso, contra el querellado, a los fines de vindicar la autoridad del tribunal, y que el resultado podría ser el de una sentencia por un término o penalidad fija. A tal efecto, en las opiniones citadas en que los Jueces Clark, Hand y Magruder son ponentes se aprueban las siguientes clases de procedimiento:

(1) El ministerio público, o el fiscal, puede intervenir para formular las mociones correspondientes y practicar la prueba correspondiente, en representación del Estado.

(2) Aun si no interviniese el ministerio público, el tribunal, mediante una orden especial, puede iniciar el procedimiento y designar al abogado de la parte querellante para que se encargue de la tramitación del procedimiento y de la presentación de la prueba, en vista de que la parte querellante, y su abogado, podrían estar en mejores condiciones para conocer la naturaleza de la prueba requerida.

(3) La propia parte perjudicada podría iniciar el procedimiento mediante moción o querella al efecto, pero en todo caso, el tribunal debe dictar una orden especial previa en que se informe al querellado de la naturaleza criminal del procedimiento, o advirtiéndole que muestre causas por las cuales no se le puede sentenciar a cumplir un término fijo de cárcel, o a pagar una multa fija.

En el caso reciente de *United States* v. *Mine Workers*, 330 U. S. 258, 295, *et seq.*, la Corte Suprema de los Estados Unidos ratificó sustancialmente los mismos principios que hemos señalado en esta opinión. Indicó que la Regla 42(*b*) de las Reglas Federales de Enjuiciamiento Criminal se basa en las sugestiones contenidas en el caso citado de *McCann* v. *New York Stock Exchange*, supra. Aunque no aplicable a nuestros tribunales, en esa regla se dispone que en la notificación

se debe describir el desacato criminal como tal, pudiendo hacerse la denuncia ya sea oralmente por el juez en corte abierta en presencia del demandado o en virtud de solicitud del fiscal o de un abogado designado por la corte para ese propósito, por una orden para mostrar causa o en virtud de una orden de arresto. En el caso de *United States* v. *Mine Workers*, supra, se resolvió que los demandados disfrutaron de todos los derechos y privilegios que corresponden a los querellados en un desacato criminal, y se indicó que tanto el desacato civil como el desacato criminal podrían llevarse a cabo en la misma acción civil.

Naturalmente, si el procedimiento culmina en una sentencia de desacato civil, no es necesario el que se hayan observado los requisitos señalados anteriormente. Pero si el resultado ha de ser, como lo fué en este caso, una sentencia de desacato criminal, debe darse al querellado la información previa que ya hemos mencionado. En el caso de autos, no se dió tal información previa al querellado en momento alguno. Por el contrario, el procedimiento fué tramitado exclusivamente como si fuese de naturaleza civil, y el abogado de la querellante compareció solamente en representación de la parte demandante, como litigante privado, sin habérsele advertido al demandado que él se exponía a la imposición de una penalidad fija. Por lo tanto, fué nula la sentencia de desacato criminal.

Estamos conscientes de la posible alegación al efecto de que no deben establecerse distinciones técnicas y sutiles entre el desacato civil y el criminal, y que lo esencial es determinar si se ha cumplido o no con la orden del tribunal. Pero existe una notable diferencia entre una sentencia imponiendo una penalidad fija y una sentencia que imponga una penalidad indefinida y condicional. Tampoco es sutil ni técnica la oportunidad de un querellado de hacer valer los derechos básicos que él tendría como acusado o querellado en un procedimiento criminal.

*Debe revocarse y dejarse sin efecto la sentencia apelada, y exonerar al demandado, sin perjuicio de posibles procedimientos posteriores que no sean incompatibles con esta opinión.*