María Luisa Guzmán Vega, demandante y apelada, *v.* Juan Piñero Piñero, demandado y apelante.

Número: AP-64-15        Resuelto: 27 de enero de 1965

*Santos P. Amadeo,* abogado del apelante; *Edna Abruña Rodríguez,* y *Víctor Tirado Saltares,* abogados de la Sociedad para Asistencia Legal, abogados de la apelada.

Sala integrada por el Juez Asociado Señor Belaval como Presidente de Sala y los Jueces Asociados Señores Hernández Matos y Santana Becerra.

El Juez Asociado Señor Santana Becerra emitió la opinión del Tribunal.

El 5 de julio de 1963 la Sala de Humacao del Tribunal Superior dictó sentencia condenando al apelante Juan Piñero Piñero a satisfacer a su hijo de dos años de edad Juan Manuel Piñero Guzmán, por concepto de alimentos, la cantidad de $8.00 semanales a ser depositada en la Secretaría del Tribunal los lunes de cada semana. El apelante no cumplió la sentencia. En 30 de agosto de 1963 la madre del menor informó los hechos a la Sala sentenciadora y pidió que se citara al apelante para que mostrara causa por la cual no debía ser castigado por desacato. En 4 de septiembre de 1963 la Sala dictó la siguiente Orden:

"Vista la moción de desacato en el caso de epígrafe del 30 de agosto de 1963 presentada por la parte demandante por la presente el Tribunal ordena, que libre de derecho, se cite a la parte demandada residente en el Barrio Collores, Humacao, P.R. para que comparezca a la vista que se celebrará el día 27 de septiembre de 1963 a las 9 de la mañana a mostrar causa para no ser condenado por desacato; apercibiéndole que de no comparecer en la hora y día indicados se dictará sentencia en su contra sin más citarlo ni oirlo."

Celebrada una vista en que compareció el apelante por sí y asistido de abogado, y se practicó prueba, la Sala de Humacao dictó sentencia declarando al apelante incurso en desacato y le impuso una pena de cincuenta (50) días de cárcel, ordenando que se le trasladara a la Cárcel de Distrito para que quedara confinado por el término señalado en la sentencia.

En el presente recurso el apelante sostiene que éste era un procedimiento de desacato civil a la luz de los hechos en el récord, y fue error imponerle una pena como si se tratara de un desacato criminal. Pide la revocación de la sentencia e invoca la decisión de *Pérez* v. *Espinosa*, 75 D.P.R. 777 (1954). La parte contraria se allana a que se revoque la sentencia por ser improcedente en derecho al tratarse de un desacato civil y que se dicte la que procede en derecho. Ambas partes son de opinión, a la luz del caso de Espinosa, que ante

los hechos en el récord sólo se cometía un descato civil, ya que se promovían intereses privados.

■ En vista de que estas situaciones se producen con harta frecuencia en la esfera de las obligaciones incumplidas de los padres de alimentar a sus hijos impuestas por sentencias de los tribunales, conviene aclarar el concepto. *Pérez* v. *Espinosa*, debidamente interpretado, no exige que desobediencias como las del récord sean tratadas y castigadas únicamente como desacato civil. Esas desobediencias a los mandatos de un tribunal pueden constituir también desacatos criminales y así ser castigadas.

■ Se ha dicho que el castigo en un desacato criminal, para distinguirlo de uno civil, va dirigido a vindicar la dignidad y autoridad de los tribunales. Pero según acontece con toda generalización en derecho, cuando se llega a hechos específicos no siempre resulta igual de fácil determinar cuándo está y cuándo no está envuelta la autoridad del Tribunal y su dignidad en el incumplimiento contumaz de sus órdenes. Por lo menos, no puede decirse que una litigación como la del caso de autos sea una meramente de intereses privados. El Estado, y sus tribunales de justicia en tanto hablan por el Estado, y en su función de *parens patriae*, tienen un profundo interés público y social de que sus sentencias de alimentos a menores de edad sean cumplidas. En protección de ese interés público, los tribunales no deben carecer de facultad para castigar como desacato criminal la contumacia a cumplir.

■ *Pérez* v. *Espinosa* sí exige que el Tribunal, si ha de tratar el caso como uno de desacato criminal, siga ciertas normas que, por estar claramente allí sentadas, no es necesario ahora repetir. Examinado el récord, esas normas aquí no se siguieron, si es que la Sala quiso disponer de este caso como uno de desacato criminal y así castigarlo.

Los hechos en el récord sostienen la convicción. Procede que se deje sin efecto la sentencia condenatoria y se devuelva

el caso a la Sala sentenciadora para que en la alternativa: (1) sentencie al apelante de la manera apropiada a un desacato civil, con aquellas medidas que a su sana discreción sean necesarias para que se cumpla su mandato; o (2) de insistir en disponer del asunto como un desacato criminal, celebre una nueva vista previa citación del apelante con aquellas admoniciones necesarias de modo que él sepa que puede ser castigado criminalmente si saliere convicto, y ejerza aquellos derechos y defensas apropiados a una acción de tipo criminal.

*Se dictará sentencia de conformidad con lo anteriormente expresado.*