Martínez Torres, Juez Ponente
*926 TEXTO COMPLETO DE LA SENTENCIA
Mediante recurso de apelación comparece ante nos Carmelo Félix Matta. Solicita que revoquemos una sentencia de desacato civil que le fuera impuesta el 23 de junio de 2003, por el Tribunal de Primera Instancia, Sala de Vieques (Hon. Carlos M. Nieves Ortiz, Juez). Por los fundamentos que expondremos a continuación, revocamos el dictamen apelado.
I
Conforme se desprende de autos, este caso dio inicio con una querella presentada por Wilfredo Monell Esquerette al amparo de la Ley Núm. 140 de 23 de julio de 1974, según enmendada, mejor conocida como Ley Sobre Controversias y Estados Provisionales de Derecho, 32 L.P.R.A. see. 2871 et. seq. Específicamente, Monel Esquerette alega que es dueño de unos terrenos conocidos como “Monte Carmelo” ubicados en el Municipio de Vieques. Por su parte, los querellados Carmelo Félix Matta y María Velázquez también alegan que el predio de terreno les pertenece a ellos.
Dada la controversia entre las partes sobre la titularidad y derechos posesorios del terreno, el Tribunal de Primera Instancia dictó la siguiente orden el 7 de noviembre de 2002:

"ORDEN

1. Se le prohíbe [sic] terminantemente a los comparecientes continuar con la disputa por la titularidad de los terrenos en controversia.

2. Se ordena que Carmelo Félix Matta y María Velázquez no intervengan con el Sr. Wilfredo Monell Esquerette.

3. Será la Administración de Terrenos la que determinará finalmente la titularidad. ”

Ap. Apel., pág. 17.
El 21 de noviembre de 2002 se celebró una vista ante el Tribunal de Primera Instancia. En la misma, se le ordenó a la Administración de Terrenos presentar un escrito sobre su posición ante las alegaciones formuladas por las partes. Luego de recibido el escrito, el tribunal resolvería la controversia.
El 26 de febrero de 2003, el tribunal dictó una resolución en la que determinó, como cuestión de hecho, que la Administración de Terrenos es la dueña de los terrenos en controversia y no le reconoce título a ninguna de las partes en el pleito. Así también, determinó que dicha agencia tampoco autoriza a personas particulares a ocupar, vender o en forma alguna disponer, ceder o traspasar derecho de propiedad o posesión alguna sobre el inmueble conocido como “Monte Carmelo”.
En sus conclusiones de derecho, el tribunal señaló que las invasiones de terrenos no crean derecho alguno a favor de los invasores ni protección a su posesión ilegal. Por otro lado, y “en aras de mantener una sana y *927 pacífica convivencia” entre las partes, el tribunal se reafirmó en la orden dictada el 7 de noviembre de 2002. Ap. Apel., págs. 3-5.
El 23 de junio de 2003, el tribunal encontró que el querellado-apelante, Félix Matta, violentó lo dispuesto en la antedicha resolución y orden. A esos efectos, dicho foro dictó la orden que transcribimos a continuación:

“ORDEN

POR CUANTO: El acusado (sic) observó la conducta que indico a continuación, la cual este Juez Certifica:

“El Sr. Carmelo Félix Matta, en violación a la Resolución bajo la Ley 140 en su contra, en el caso civil Q2002-46, consolidado con el caso Q2002-102; cometió Desacato Civil al intervenir con el Querellante Wilfredo Monell, consistente en que le usurpó el terreno, construyendo una estructura en el solar.

POR CUANTO: Dicha conducta, a juicio de este Tribunal, es constitutiva del delito de Desacato;

POR TANTO: El Tribunal declara culpable al acusado (sic) CARMELO FELIX MATTA por el delito de Desacato Civil y lo condena a la pena de CUATRO MESES DE CARCEL Y MULTA DE DOSCIENTOS ($200.00) DOLARES, y se ordena que dicho acusado sea trasladado sin demora al cuidado del funcionario correspondiente y sea detenido por éste hasta que la sentencia se hubiere cumplido.

(fdo.) Carlos M. Nieves Ortiz

Juez Superior”

Ap. Apel., pág. 1; énfasis en el original.
En esa misma fecha, 23 de junio de 2003, el tribunal expidió un mandamiento al alguacil para que diera cumplimiento a la orden antes transcrita.
También se desprende del expediente de autos una denuncia por el delito de usurpación (Artículo 177 del Código Penal, 33 L.P.R.A. see. 4283), presentada por un agente del orden público contra el aquí querellado-apelante, Félix Matta. Dicha denuncia también tiene fecha de 23 de junio de 2003, misma fecha del desacato civil impuesto. Aparentemente, los hechos que dan paso a la denuncia son los mismos por los que se le encontró incurso en desacato civil. El juicio criminal para esa causa se señaló para el 11 de julio de 2003.
Inconforme con el desacato civil impuesto, acude ante nos Félix Matta mediante recurso de apelación. Alega que erró el tribunal al privarle de su libertad y propiedad sin ofrecerle las garantías del debido proceso de ley. En segundo lugar, alega que erró el tribunal al reconocerle derechos a un tercero sobre el solar que él ha poseído en concepto de dueño por más de treinta (30) años.
Junto con su escrito de apelación, Félix Matta presentó ante nuestra consideración una moción en auxilio de jurisdicción. Entre otras cosas, solicitó que le ordenáramos al Tribunal de Primera Instancia la expedición de un auto de habeas corpus solicitado y que “expidiéramos el recurso de apelación y anuláramos las órdenes que dieron paso al mismo ”.
El 2 de julio de 2003, dictamos una Resolución en la que acogimos el dictamen objeto de este recurso como una sentencia apelable bajo la regla general del Artículo 4.002(a) del Plan de Reorganización Núm. 1 de la *928 Rama Judicial de 28 de julio de 1994, según enmendado, conocido como la Ley de la Judicatura de Puerto Rico de 1994, 4 L.P.R.A. sec. 22k(a), independientemente del título que le diera el tribunal. E.g., Figueroa v. Del Rosario Cervoni, 147 D.P.R. 121 (1998). Es decir, el dictamen ante nuestra consideración no es una resolución que fije un estado de derecho provisional, la cual sería inapelable al amparo del Artículo 5 de la Ley Núm. 140, supra, sec. 2875.
A la luz de lo anterior, denegamos la moción en auxilio de jurisdicción por ser innecesaria y no tener nada que proveer al respecto. En dicha Resolución también dimos las instrucciones necesarias para lograr una exposición estipulada de la prueba. Además, hicimos la salvedad de que sólo teníamos ante nuestra consideración un recurso de apelación civil, por lo que no estábamos prejuzgando ni alcanzando cualquier otro procedimiento, civil o criminal, contra el querellado-apelante, Félix Matta.
El 3 de julio de 2003, el Tribunal de Primera Instancia dictó una resolución en la que dejó sin efecto el desacato impuesto, en vista de que hay pendiente una acción civil sobre la titularidad de los terrenos en controversia, así como por el delicado estado de salud de Félix Matta.
No obstante lo anterior, el querellante-apelado, Monell Esquerette, presentó el 23 de julio de 2003 una nueva querella al amparo de la Ley Núm. 140, supra. A esos efectos, Félix Matta y su esposa, María Velázquez, comparecieron a la citación señalada para el 24 de julio de 2003.
Conforme se desprende de una moción en auxilio de jurisdicción presentada por Félix Matta en este caso, el 29 de julio de 2003, al comparecer a la citación al amparo de la nueva querella, se encontraron con que la misma fue para ventilar nuevamente “la acusación por desacato civil” objeto de este recurso de apelación. De hecho, Félix Matta anejó a la moción en auxilio de jurisdicción una nueva sentencia de desacato civil, esta vez emitida el 24 de julio de 2004. En ese nuevo dictamen, se le impusieron seis meses de desacato y quinientos (500) dólares de multa. Esa nueva sentencia se dictó bajo el mismo número de caso civil que tenemos ante nuestra consideración, es decir, Caso Civil Núm. Q2002-102.
Félix Matta argumentó en la referida moción en auxilio de jurisdicción que constituye “un engaño” llevarlos al tribunal al amparo de la Ley Núm. 140, supra, para luego someterlos a un nuevo proceso de desacato sin ofrecerle las garantías del proceso de ley. “Moción en Auxilio de Jurisdicción sobre Sentencia por Desacato bajo Q2002-102”, págs. 2-4. En otras palabras, contrario a la previa determinación de dejar sin efecto el desacato, el mismo se impuso nuevamente, pero con más severidad que el primero.
Así las cosas, y luego de una serie de trámites procesales para obtener una exposición narrativa de la prueba, le ordenamos al querellante-apelado, Monell Esquerette, que presentara su escrito en oposición y a su vez, le ordenamos al querellado-apelante, Félix Matta, que presentara su alegato suplementario.
Sin el beneficio de la comparecencia de Monell Esquerette y contando con la exposición narrativa de la prueba según aprobada por el Tribunal de Primera Instancia, resolvemos.
II
La Ley Sobre Controversias y Estados Provisionales de Derecho, “está inspirada en proveer a la ciudadanía un mecanismo legal adecuado que le permita acudir a los tribunales para obtener la solución inmediata de ciertas controversias, superando los inconvenientes de los procedimientos clásicos que proveen las leyes ordinarias, que aunque eficientes en su alcance final, resultan costosos, complicados, tardíos y en la mayoría de las ocasiones, carentes de efectos profilácticos y mitigadores durante su tramitación”. Exposición de Motivos de la Ley Núm. 140, supra.
A esos efectos, la ley crea un procedimiento rápido y sencillo que le provee al juez la facultad de establecer *929 estados provisionales de derecho en ciertos asuntos y de fijar y determinar las relaciones y derechos de las partes involucradas. Dicha determinación no constituirá cosa juzgada ni impedirá su ventilación mediante los cursos ordinarios de ley. Id.
Dentro de sus facultades, los jueces podrán atender controversias en las cuales se alegue la existencia de perturbaciones o interrupciones al libre uso de la propiedad, de modo que impidan el cómodo goce de los bienes. LeyNúm. 140, supra, sec. 2872(j).
El Artículo 4 de la ley en cuestión dispone que toda persona que violare voluntariamente alguno de los términos de la resolución que fije un estado provisional de derecho, incurrirá en desacato civil sujeto a pena de cárcel máxima de seis (6) meses, o multa no mayor de quinientos (500) dólares o ambas penas a discreción del tribunal. Id., see. 2874.
Ill
Por medio del desacato, los tribunales tendrán autoridad para hacer cumplir sus sentencias, órdenes y providencias. 4 L.P.R.A. secs. 22d(d) y 362b.
Los casos de desacato se clasifican en civiles o criminales. La diferencia estriba en la naturaleza y finalidad que persigue la sanción impuesta por la falta o incumplimiento de las órdenes del tribunal. Si la intención es reparadora, a inducir a alguien a cumplir con una obligación, el desacato es de naturaleza civil. Srio. D.A.C.O. v. Comunidad San José, Inc., 130 D.P.R. 782 (1992). Si el objetivo es vindicar la autoridad del tribunal, el desacato es de orden penal. Id. En otras palabras, lo que determina si el procedimiento seguido es civil o criminal es el propósito del castigo y no el carácter del acto castigado. E.L.A. v. Asoc. de Auditores, 147 D.P.R. 669 (1999).
En el desacato civil se impone en la sentencia una penalidad por término indefinido, efectiva hasta tanto el demandado cumpla con su obligación primaria. Pérez v. Espinosa, 75 D.P.R. 777, 781 (1954). En este tipo de desacato, la persona “tiene la llave de las puertas de la prisión en virtud del cumplimiento de su obligación principal y personal, y en esa forma se le da la oportunidad a la parte querellante para obtener el remedio o el resarcimiento que ella realmente interesa”. Id.
El fin del desacato civil es uno reparador, no punitivo. Pueblo v. Barreto Rohena, 149 D.P.R. 718 (1999). Por ello, impone reclusión por un término indefinido. La reclusión estará vigente hasta tanto se cumpla con la orden del tribunal. Id.
En cambio, la sentencia de desacato criminal es por un término fijo de encarcelación o por una multa o penalidad fija, a ser cumplida o pagada independientemente del cumplimiento o incumplimiento de la orden u obligación original. E.L.A. v. Asoc. de Auditores, supra, pág. 683, citando a Pérez v. Espinosa, supra, pág. 781.
La distinción antes señalada tiene repercusiones de índole procesal y sustantiva. Si se va a castigar mediante desacato criminal al amparo del Artículo 235 del Código Penal, 33 L.P.R.A. see. 4431, es de aplicación el procedimiento dispuesto en la Regla 242 de Procedimiento Criminal, 34 L.P.R.A. Ap. II. 
Lo anterior implica que para que sea válida una sentencia de desacato criminal, el procedimiento seguido en cuanto al desacato debe ser de naturaleza criminal, y, en el inicio de ese procedimiento, debe haberse informado al querellado en forma adecuada que contra él habrá de seguirse un procedimiento de naturaleza criminal que podría culminar en una sentencia de desacato criminal, por un término o penalidad fija, a los fines de que él pueda tener, desde el primer momento, el conocimiento de la existencia, y la oportunidad de invocar en su beneficio, ciertas defensas y reglas propias de un procedimiento criminal, tales como la presunción de inocencia, el privilegio de no incriminarse, y el postulado de que su culpabilidad debe probarse más allá *930 de una duda razonable.
Pérez v. Espinosa, supra, págs. 782-783.
Por lo tanto, la garantía constitucional de que el Estado no intervendrá con la libertad o propiedad de una persona sin un debido proceso de ley, hace mandatario en los casos de desacato criminal la observancia de todas las salvaguardas aplicables a toda imputación tipificada y castigada como un delito criminal. Todo ello en aras de proveer un juicio justo e imparcial. E.L.A. v. Asoc. de Auditores, supra, pág. 687.
De otro lado, para la imposición de un desacato civil se deben seguir unos parámetros hasta cierto grado parecidos al procedimiento criminal. Se requiere la observancia de unos criterios estrictos antes de aplicar el poder coercitivo del Estado, como por ejemplo: que los términos de la orden que se ha incumplido estén claros y libre de ambigüedades; que se pruebe el incumplimiento mediante prueba clara y convincente; que se demuestre que el obligado por la orden no haya hecho un esfuerzo diligente por cumplirla; y que la persona contra la cual se dirige la moción esté avisada que puede ser encontrada incursa en desacato. David Rivé Rivera, Recursos Extraordinarios, 2da. Ed., San Juan, P. R. Programa de Educación Jurídica Continua de la Facultad de Derecho de la Universidad Interamericana, 1996, pág. 95.
IV
Al estudiar la exposición narrativa de la prueba aprobada por el Tribunal de Primera Instancia, se desprende que el aquí querellado-apelante, Félix Matta, fue llevado al tribunal el 23 de junio de 2003 “con pliegos de denuncia por el delito de usurpación”. E.N.P., pág. 1. De acuerdo a la exposición narrativa, en dicha vista se sometió el caso por usurpación de terrenos y el tribunal encontró “causa probable” por el referido delito. E.N. P., pág. 1. El tribunal también hizo mención de que existía una orden bajo la Ley Núm. 140, supra, relacionada con los terrenos en controversia y que fue impuesta so pena de desacato.
Así las cosas, tanto el querellado-apelante, Félix Matta, su esposa, María Velázquez, el querellante Monell Esquerette, el Capitán Ángel de Jesús y el agente Luis A. Barbosa prestaron testimonio.
Félix Matta y su esposa declararon que son los dueños de los terrenos Monte Carmelo. E.N.P., pág. 1. Por su parte, Monell Esquerette declaró que “es el dueño del terreno en controversia y que tenía una resolución bajo la Ley [Núm.] 140 de Remedios Provisionales, que así lo certificaba y que el Sr. Carmelo Matta Félix [sic] le estaba usurpando su terreno”. E.N.P.„pág. 1.
El Capitán De Jesús declaró que intervino con Félix Matta y otros, por estar construyendo una casucha en terrenos que alegadamente le pertenecen a Monell Esquerette. Ante la negativa de Félix Matta de cesar su acción, se le citó y se le radicaron cargos por el delito de usurpación. E.N.P., pág. 2.
Por último, el agente Barbosa testificó que intervino con Félix Matta por estar construyendo una casucha en el “Monte Carmelo” y se le radicó a este último una denuncia por dicha actuación. E.N.P., pág. 3.
Como vemos, todo lo surgido en el tribunal el 23 de junio de 2003 estuvo relacionado a una denuncia por el delito de usurpación presentada ese mismo día. Sin embargo, a Félix Matta se le impuso un desacato con pena de cuatro meses de prisión y $200.00 de multa.
Hemos evaluado el expediente de autos y del mismo no se desprende que al querellado-apelante, Félix Matta, se le hubiera notificado que iba a enfrentarse a un proceso criminal y que eventualmente podía ser sentenciado por un desacato para el cual tendría que cumplir cárcel y pagar una multa. Tampoco se desprende que a Félix Matta se le hubiera dado una notificación de los hechos por los cuales sería procesado, ni mucho menos vemos que se le haya dado tiempo para la preparación de su defensa.
*931 A la luz de lo anterior, concluimos que el Tribunal de Primera Instancia erró al dictar un desacato, que aunque denominado civil, tiene efectos de índole criminal. Nótese que en este caso, el desacato impuesto es por un período de tiempo determinado en el cual se le privaría de la libertad al querellado-apelante, Félix' Matta. Ante esas circunstancias, el tribunal debió proveer todas las garantías del proceso de ley, cosa que no hizo.
Ante un procedimiento sumario como el que se dio en este caso, es evidente que se le privó a Félix Matta de la oportunidad de una vista con todas las garantías procesales y donde pudiera plantear las defensas correspondientes. Dada la violación a los postulados básicos del debido proceso de ley, la sentencia de desacato apelada no puede prevalecer. Por consiguiente, los procesos posteriores encaminados a “revivir” el desacato previamente impuesto adolecen del mismo defecto. Nótese que en esa segunda ocasión, 23 de julio de 2003, se citó a Félix Matta para el 24 de julio para ventilar una querella al amparo de la Ley Núm. 140. Sin embargo, ese mismo día, 24 de julio de 2003, se le dictó otro desacato bajo el número de querella de epígrafe. La violación al debido proceso de ley es patente.
Aclarado lo anterior, atenderemos el segundo señalamiento de error del querellado-apelante, Félix Matta. Este apunta a que erró el Tribunal de Primera Instancia al entrar a dirimir asuntos de titularidad en un procedimiento al amparo de la Ley Núm. 140, supra. Como ya habíamos expresado, este foro sólo tiene ante su consideración la sentencia impuesta por desacato. Por lo tanto, no podemos intervenir con ninguna de las determinaciones del Tribunal de Primera Instancia en cuanto al estado de derecho provisional vigente al amparo de la referida Ley Núm. 140, id., así como tampoco estamos prejuzgando cualquier otro proceso civil o criminal pendiente de resolución.
y
Por los fundamentos anteriormente expuestos, revocamos la sentencia de desacato impuesta por el Tribunal de Primera Instancia, Sala de Vieques, contra el querellado-apelante, Carmelo Félix Matta.
Así lo acordó y ordena el Tribunal, y lo certifica la Secretaria General.
Aida Ileana Oquendo Graulau
Secretaria General
ESCOLIOS 2004 DTA 38
1. El delito imputado en la denuncia lee de la siguiente forma:
“Los referidos acusados, ARRIBA MENCIONADOS, allá en o para el día 13 de junio de 2003, en Vieques, Puerto Rico, que forma parte de la jurisdicción del Tribunal de Primera Instancia, Subsección de Distrito, Sala de Vieques, ilegal, voluntaria, maliciosamente y criminalmente actuando en común y mutuo acuerdo penetraron en terrenos ajenos, pertenecientes a Wilfredo Monell Esquerette, sin el consentimiento realizando actos de dominio al construir una casucha. ” Ap. Apel., pág. 4.
2. La misma sentencia le fue impuesta a María Velázquez, esposa del querellado-apelante, Félix Matta.
3. “§ 4431. Desacato

Será sancionada con pena de reclusión que no excederá de noventa (90) días o multa que no excederá de quinientos (500) dólares, o ambas penas a discreción del tribunal, toda persona que realizare cualesquiera de los siguientes actos:

(b) Desobediencia a cualquier decreto, mandamiento, citación u otra orden legal expedida o dictada por algún 
*932
tribunal en un pleito o proceso en que estuviere conociendo.

4. Regla 242. Desacato

“(a) Procedimiento sumario. El desacato criminal podrá castigarse en forma sumaria, siempre que el juez certifique que vio u oyó la conducta constitutiva de desacato y que se cometió en presencia del tribunal. La orden condenando por desacato expondrá los hechos y será firmada por el juez, dejándose constancia de ellas en las minutas del tribunal.

(b) Procedimiento ordinario. Salvo lo provisto en el inciso (a) de esta regla, en todo caso de desacato criminal se le dará al acusado previo aviso la oportunidad de ser oído. El aviso expondrá el sitio, hora y fecha de la vista, concederá al acusado un tiempo razonable para preparar su defensa, hará saber al acusado que se le imputa un desacato criminal y expondrá los hechos esenciales constitutivos del mismo. El acusado tendrá derecho a su libertad provisional bajo fianza de acuerdo con las disposiciones de estas reglas. Si el desacato se fundara en actos o conducta irrespetuosa hacia un juez, éste no podrá conocer de la causa excepto con el consentimiento del acusado. ”